HUTCHINSON, respondent, *v.* HAMPTON et al., appellants.

RECEIVER—*pay taxed as costs.* A receiver of property in controversy in an action cannot recover judgment for his services against all the parties, by a motion in the original suit. He is an officer of the court, and his compensation should be allowed out of the property in his hands, or taxed as costs.

*Appeal from the First District, Madison County.*

THE parties stipulated in writing that this cause should be heard on appeal on the original papers. The appellants

appealed from the judgment of the district court, HOSMER, J., affirming the report of the referee in favor of Hutchinson.

The facts are contained in the opinion.

DAVIS & THOROUGHMAN, for appellants.

H. N. BLAKE, for respondent.

WARREN, C. J. This appears upon the calendar as an action in which Hutchinson is plaintiff and appellee, and Columbus Hampton and others are defendants and appellants. It appears from the record that Norval Harrison *et al.* were plaintiffs, and J. M. Chase *et al.* defendants in an action pending in the first judicial district court, in Madison county, and that Hutchinson was appointed, by consent of parties, receiver of the property in controversy in that cause, and that he acted as such ; and applied, at the termination of his duties, to the court for the allowance to him of $330, as compensation for his official services. This application was referred to a referee, who heard testimony and filed his report, finding the facts, reporting $346.72 to be due the receiver, and reporting, as a conclusion of law, that all the parties, plaintiff and defendant in the action, were liable to him for that amount. To this report the appellants, or some of them, excepted ; their exceptions were overruled, and judgment was entered by the court upon the report of the referee, for the sum of $346.72, in favor of Hutchinson as plaintiff, and against all the parties to the action as defendants, together with costs of the reference, and that execution issue therefor. From this judgment appellants have not properly prosecuted their appeal, but a stipulation is filed in this court by the attorney of Hutchinson, waiving all errors, and submitting the questions involved to this court.

The court below erred in entering the judgment against all the parties. There was no action pending in which such judgment could be rendered. If Hutchinson performed services at the request of these parties, his remedy was by

suit against them, in the ordinary manner, not by motion in a separate action.

If he performed services as a receiver, whether appointed by consent of parties or otherwise, he became for that purpose an officer of the court, and his compensation should have been allowed by the court out of the property in his hands, or taxed as costs in the case. Rejecting the conclusion of law of the referee, from the facts found it appears that Hutchinson acted in the capacity of receiver in the cause referred to ; and that, deducting the interest, there was due him, as compensation to which he was reasonably entitled, the sum of $301.50. This amount should have been allowed him, and taxed as costs in the cause in which he acted as receiver.

The judgment of the court below is modified, so as to accord with this opinion, and the clerk of that court is directed to tax the amount hereby found due to Hutchinson as receiver, as costs in the cause in which he acted, in which Norval Harrison *et al.* were plaintiffs, and J. M. Chase *et al.* were defendants.

*Judgment modified.*

KNOWLES, J., concurred.