ERVIN, appellant, *v.* COLLIER, respondent.

PRACTICE — *presumption about papers used on hearing of motion.* E. gave notice of a motion to modify a judgment by striking therefrom the part taxing against him the costs of a receiver. The motion said it was based upon the papers in a number of cases which were specified. The motion was overruled and E. appealed, but no papers appear in the transcript except those belonging to this action. *Held,* that this court must presume that the papers not in the transcript were not used on the hearing of the motion.

TAXATION OF COSTS OF RECEIVER. E. brought this action to restrain C. from working mining property and obtaining the possession of the same, and recovered a judgment. After a hearing, a receiver was appointed under a written stipulation of the parties, to take charge of the property during the litigation. The costs of the receiver were taxed against the proceeds of the property and E. then made said motion. *Held,* that no facts controlling the sound discretion of the court appear in the record, and that the costs of the receiver should have been taxed against C.

*Appeal from First District, Jefferson County.*

THE order appealed from was made by SERVIS, J.

CHUMASERO & CHADWICK and M. C. PAGE, for appellant.

The general rule as to costs is that equity follows the law. Appellant recovered judgment in the court below, and the costs of

the receiver should be taxed against the respondent. The order appealed from paid the receiver out of appellants' property. The respondent was in fault and caused the appointment of the receiver and must suffer the consequences. The judgment should not be modified.

The papers used on the hearing of the motion stand in place of a statement, and the record must be presumed to be correct and complete. *Hidden* v. *Jordan,* 28 Cal. 301 ; *Smith* v. *Athern,* 34 id. 506 ; *Glidden* v. *Packard,* 28 id. 649.

SHOBER & LOWRY and SANDERS & CULLEN, for respondent.

The order taxing costs of receiver is not appealable. If appealable, judgment will be affirmed if no abuse of discretion is shown. The transcript should show such abuse or error. *Territory* v. *McClin,* 1 Mon. 394; *Davis* v. *Germaine,* id. 210 ; *Anderson* v. *O'Laughlin,* id.-81 ; *King* v. *Sullivan,* id. 282. The transcript is insufficient. *Visher* v. *Webster,* 13 Cal. 58.

The proof on which the court below acted is not here, and this court cannot say there was error.

This case is not brought within the rule on which rehearings are granted. *Columbia M. Co.* v. *Holter,* 1 Mon. 429.

There is no bill of exceptions or statement on appeal. Nothing can be presumed outside of the judgment roll. *Viele* v. *Troy R. R.,* 20 N. Y. 184 ; *Carman* v. *Paltz,* 21 id. 547.

WADE, C. J. This case was first tried at the August term, 1875. At the ensuing term in January, 1876, a motion for a rehearing was granted and the case has been argued and submitted at this term. A statement of the facts is necessary to present the questions which are involved. The action is an application for an injunction to stay waste, and a temporary restraining order was issued. Afterward, the appellants applied to the court for the appointment of a receiver, and alleged as a cause therefor, that the respondent continued to work the mining ground in dispute contrary to the restraining order. After testimony had been taken regarding the propriety of appointing a receiver, the parties stipulated that a receiver should be appointed. The receiver made a report of the receipts and expenses of the property and retained

for his services $812. There were no exceptions to this report. The cause was tried and a decree was rendered in favor of the appellants, giving them the possession of the mining ground and taxing the costs against the respondent, which included the amount of the receiver's services. The respondent made a motion to modify the decree by striking therefrom the part relating to the costs of the receiver. The court sustained the motion, and the appellant excepted and appealed from the decree, as modified, to this court.

The motion to modify the decree says that "this motion is based on the papers filed in this cause, and records and papers in the case of *Barkley* v. *W. M. Ervin* and *W. H. Metcalf*, and the papers and records in the case of *C. T. Collier* v. *W. M. Ervin* and *W. H. Metcalf* and *M. C. Page*, and the judgments therein rendered and the affidavits on file."

None of the papers in these cases appear in the transcript, except the papers belonging to this action. The decision at the first hearing of this appeal was rendered upon the presumption that the papers in the other cases named in the motion, were used on the hearing of the motion, and that they controlled the discretion of the court in sustaining the motion. This position is wrong. The presumption is that the papers which are mentioned in the motion and do not appear in the transcript, were not used in the court below in determining the motion. *Hidden* v. *Jordan*, 28 Cal. 301; *Smith* v. *Athern*, 34 id. 506.

This is a motion after final judgment. On the appeal from its determination, it is the duty of the appellant to cause the record to contain all the papers used on the trial of the same. *Glidden* v. *Packard*, 28 Cal. 649. The same rule applies on an appeal from a final judgment, and the statute requires the appellant to perform this duty. Civ. Pr. Act, § 379. We presume that this duty has been performed in this case because the respondent has not made a suggestion that there is a diminution of the record. He can compel the appellants to bring to this cöurt a perfect record, and being satisfied with the record, cannot, upon the argument, claim that some papers are missing.

The action of the court below must be reviewed on the papers in the transcript. This is a case in equity and the taxation of the

costs rests in the sound discretion of the court. In the first decision this principle was announced and this court then held that this discretion is limited. It is a legal, not capricious, discretion. When this discretion is exercised outside of established limits, courts will review the same and decide that there has been an abuse thereof, or error. Under the old chancery practice, the general rule is the same as at law, and the winning party recovers his costs. The rule under our practice should be the same in equity cases.

There are no exceptional facts in this case which require the court, in the exercise of a legal discretion, to tax the costs of the receiver against the party in whose favor all the equities were found. It does not matter how or why the receiver was appointed. He is entitled to his costs, which were taxable in this action. No application was made for his removal and no exception was taken to his report and we presume that he was appointed legally and performed his duty faithfully. His compensation should come from the party whose wrongful acts made his appointment necessary in order to preserve the property during the litigation. The record shows that this party was the respondent, and the court found that the appellants were entitled to the possession of the mine. Therefore the costs of the receiver should have been taxed against the respondent. Under the facts appearing in the record the refusal of the court to tax these costs in favor of the appellants was an arbitrary ruling and not the exercise of a legal discretion.

*Judgment reversed.*