[S. F. No. 1494. In Bank.—July 1, 1898.]

CLINTON H. CARPENTER, Petitioner, v. EDWARD I. JONES, Judge of the Superior Court of San Joaquin County, Respondent.

TRIAL—PAYMENT OF DISCHARGED JURY—STAY OF PROCEEDINGS—UNREPEALED STATUTE.—The act of 1871-72, providing that "if in any trial in a civil case the jury be for any cause discharged without finding a verdict, the fees of the jury shall be paid by the party who demanded the jury, but may be recovered as costs if he afterward obtain

judgment, and until they are paid, no further proceedings shall be allowed in the action," was not repealed by the adoption of the codes, there being an entire absence of legislation in the codes upon that subject, and has not been repealed by any subsequent act conflicting therewith; and the court may refuse to try a civil case under that provision until the jury fees are paid as therein provided for.

ID.—CONTEST OF WILL—"CIVIL CASE"—MANDAMUS.—A contest of a will, though not a civil action, is a "civil case," within the meaning of the act of 1871-72; and when the contestants of a will have demanded a jury trial, and the jury has been discharged upon failure to agree, the court may refuse to allow any further proceedings in the case until the jury fees are paid by the contestants, and they cannot compel him by mandamus to place the case upon the trial calendar for a second trial, in default of such payment.

ID.—REPORTER'S FEES.—There is no statute justifying the court in requiring the payment of reporter's fees, where a jury has been discharged, as a condition of setting the cause for a second trial.

APPLICATION in the Supreme Court for a writ of mandate to compel the setting of a cause for trial in the Superior Court of San Joaquin County. Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

Elliott & Elliott, and A. H. Carpenter, for Petitioner.

GAROUTTE, J.—This is an application for a writ of mandate to be directed to Edward I. Jones, judge of the superior court of the county of San Joaquin, requiring him to set a certain cause pending in said court for trial. The facts upon which the application is based are briefly these: One Bailey was the executor of the estate of C. W. Carpenter, deceased. This petitioner and others filed a petition and contest asking that the probate of the will of deceased be set aside, and that Bailey's letters testamentary be annulled and vacated. Upon the issues thus made the contestants demanded a jury trial, and upon such trial the jury failed to agree upon a verdict. These contestants thereupon demanded that the cause be placed upon the trial calendar to be set for a second trial. This application the court refused to grant until contestants paid the jury fees of the previous trial, and also the reporter's fees accruing at that trial. No law has been placed before us in any way justifying the court's action as based upon a nonpayment of the reporter's fees, and under the circumstances we assume the action of the court to that extent unjustified.

To support the action of the court as to the jurors' fees, the respondent relies upon an act of the legislature found in the statutes of 1871-72, page 188. That act, among other matters, provides: "If in any trial in a civil case the jury be for any cause discharged without finding a verdict, the fees of the jury shall be paid by the party who demanded the jury, but may be recovered as costs if he afterward obtain judgment; and until they are paid no further proceedings shall be allowed in the action." It is contended upon the part of the petitioner that this act of the legislature was repealed *ipso facto* by the adoption of the codes. To support this contention that section of the various codes is invoked which provides: "No statute, law, or rule is continued in force because it is consistent with the provisions of this code on the same subject; but in all cases provided for by this code all statutes, laws, and rules heretofore in force in this state, whether consistent or not with the provisions of this code, unless expressly continued in force by it, are repealed or abrogated." (Civ. Code, sec. 20.) There is no legislation in any of the codes bearing upon the matter covered by that portion of the act above quoted from the statutes of 1871-72. And, there being an entire absence of legislation in the codes upon the subject, that part of the act of 1871-72 is not repealed by the above law, invoked to accomplish that purpose. By that general provision the codes only repealed existing statutes "in all cases provided for by this code." The legislation before us embraces a "case" not provided for by "this code."

The act of 1871-72, not being repealed by the codes, has it been repealed by the legislature subsequent thereto? We find no law which accomplishes that result. In the statutes of 1895, page 267, there is found a general fee bill which among other matters fixes the fees of trial jurors; and, if not repealed prior to the act of 1895, that portion of the act of 1871-72 fixing the fees of trial jurors was, by the act of 1895 undoubtedly repealed. But that act is in no sense an act amendatory of the act of 1871-72, and therefore does not repeal the earlier act by implication. Again, that portion of the act of 1871-72 here under consideration is not in conflict with any of the provisions of the act of 1895, and, consequently, there is no direct repeal of the earlier act. The act of 1871-72 embraces various subject.

matters of legislation. The act of 1895 embraces one of these subject matters of legislation. The later act, not dealing with the subject matter of legislation here under consideration, that subject matter has all the vitality it ever had.

It is further contended by petitioner that a trial arising upon an application to revoke the probate of a will is a special proceeding, and therefore does not come within the provisions of the act of 1871-72, which deals with a trial in a "civil case." While it may be conceded that a special proceeding is not a civil action, and there are many authorities from this court to that effect (*Estate of Joseph*, 118 Cal. 660), still it has never been decided that a special proceeding is not a "civil case." Especially is this true in those particular special proceedings where issues are made and trials authorized to be conducted as in civil actions. Under such circumstances the proceeding may well be termed a civil case. Indeed, the law bearing upon the contest of the probate of wills has so christened it. "When a jury is demanded, the superior court must impanel a jury to try the case in the manner provided for impaneling trial juries in courts of record." If the proceeding be a "case," it certainly is a civil case.

For the foregoing reasons the application for the writ is denied.

Temple, J., Van Fleet, J., McFarland, J., Harrison, J., and Henshaw, J., concurred.