STATE, ex rel, CORNUE, Relator, *v.* LINDSAY, Judge, Defendant.

[No, 1517.]

[Submitted June 15, 1900. Decided July 30, 1900.]

*Action—Dismissal by Plaintiff—Payment of Costs—Receiver's Fees — Partition — Pleading — Answer — Affirmative Relief—Prohibition.*

1. Under Code Civ. Proc., Sec. 1004, Subd. 1, authorizing dismissal of an action by the plaintiff before trial, by entry in the clerk's register, provided affirmative relief is not sought by defendant's answer, plaintiff in a partition suit could not dismiss his action after answer filed setting up defendant's interest in lands in question, since such answer sought affirmative relief.
2. Under Code Civ. Proc. Sec. 1004, Subd. 1, authorizing dismissal of an action by plaintiff before trial, by entry in the clerk's register, upon payment of costs, where a receiver had been appointed plaintiff could not dismiss his action until payment of such receiver's compensation, since such expense is a taxable cost on the losing party.
3. A plaintiff may dismiss or discontinue an action where no judgment other than for costs can be recovered against him by the defendant; but when, under the pleadings and evidence, such other judgment may be recovered, the plaintiff will not be permitted, as of course, to dismiss or discontinue.
4. On application for a writ of prohibition against a district judge, the Supreme Court cannot determine whether the defendant committed error in a matter of which he had jurisdiction.

APPLICATION for a writ of prohibition, on relation of Ellen S. Cornue, against John Lindsay, Judge of the District Court of Silver Bow County.        Denied.

## STATEMENT OF THE CASE.

An alternative writ of prohibition was issued out of this Court commanding the Hon. John Lindsay, as Judge of the District Court of Silver Bow County, to desist from further proceedings in an action pending in that court wherein Ellen S. Cornue, the plaintiff in the present suit is the plaintiff, and Henry A. Root, Andrew J. Davis, and others are the defendants.        By answer to the petition and alternative writ the defendant has pleaded facts which he asserts to be a sufficient showing of cause why a peremptory writ of prohibition should not issue; and the plaintiff has replied.

From the pleadings the facts appear to be these.        On the 8th day of February, 1898, the plaintiff commenced an action in the District Court of Silver Bow County for the partition of certain real property, alleging, among other things, her ownership of a certain undivided interest in the property sought to be partitioned, and that each of the defendants had a certain undivided interest therein.        On the 26th day of February, 1898, upon the *ex parte* application of the plaintiff, without notice to any of the defendants in the action, the court appointed a receiver of the property described in the complaint, and the receiver took possession, and has remained in charge thereof to the present time.        Certain of the defendants answered on the 15th day of November, 1898, among them Andrew J. Davis, as trustee, who alleged that he and his co-defendant, Palmer, jointly, as trustees, held the undivided interest which the complaint stated they owned, and set forth also the origin and source of the title of himself and Palmer as trustees; and denied that the plaintiff had any title to the property.        He demanded that the interest in said real property owned by himself and Palmer as trustees be adjudged, preserved, and set apart and delivered to them in case partition thereof should be made in the action.        Thereafter, and on the 3d day of July,

1899, the plaintiff caused to be filed with the clerk of the District Court her *præcipe*, directing that officer to enter upon the register of actions the dismissal by the plaintiff of the action, paying to the clerk at the same time the sum of $5 as and for the costs incurred by the defendants therein. The clerk on the day last mentioned made upon the register of actions a notation that the *præcipe* for dismissal had been filed. On the 25th day of November, 1899, the court fixed the compensation of the receiver at the sum of $2,250, and upon a stipulation made between counsel for the plaintiff and the receiver, but without notice to or consent of the defendants, ordered that all costs should be paid out of the "trust fund." On the 23d day of December, 1899, the plaintiff brought on for hearing a motion to dismiss the action, which motion was based upon the theory that the *præcipe* for dismissal and the entry by the clerk on November 25th, coupled with the payment then made, was a dismissal, which· ousted the jurisdiction of the District Court to proceed further than formally to recognize the dismissal. Upon the hearing of the motion the defendant Davis as trustee, and all of the other defendants who had answered, appeared and objected to the dismissal of the action. Unless prohibited from so doing, the defendant in the present proceeding will retain jurisdiction of and try the cause.

*Messrs. Toole, Bach & Toole, and Messrs. Clayberg & Gunn,* for Relator.

Was the case dismissed by the filing of the *præcipe* and payment of defendants' costs? Section 1004 of the Code of Civil Procedure provides as follows: "An action may be dismissed: * * * "1. By the plaintiff himself at any time before trial upon payment of . costs, provided a counterclaim has not been made or affirmative relief sought by the answer of the defendants. * * * The dismissal mentioned in the first two subdivisions is made by entry in the clerk's register." Section 1008 of the Code of Civil Procedure provides: "Upon

the dismissal or disposition of an action in which the court has jurisdiction of the subject-matter of the action, it is the duty of the court to render such judgment for costs.'' We insist, however, that in case the costs have been paid, no such judgment need be entered.    Plaintiff did everything required to be done by this statute.    After filing a *præcipe* and payment of defendant's costs, it became the duty of the clerk to enter the dismissal of the suit on the register of actions.    If he has failed so to do plaintiff should not suffer thereby.    Plaintiff went even further than the statute requires by calling the attention of the court to what had been done, and asking judgment of dismissal.

A dismissal by the plaintiff under the statute is an absolute matter of right.    Nothing remains in the discretion of the court at all.    (*New Hampshire* v. *Ball*, 48 Pac. 137; S. C. 51 Pac. 899; *Lowman* v. *West*, 35 Pac. 130; *Jackson* v. *Roane*, 23 S. E. 118; *Bleckely* v. *White*, 25 S. E. 592; *Beals* v. *W. U. Tel. Co.*, 74 N. W. 54; *Sharpless* v. *Giffen*, 66 N. W. 285; *Northwestern Mut. Life Ins. Co.* v. *Barbour*, 23 S. W. 584; *State* v. *Rost*, 19 So. 256; *Gassman* v. *Jarvis*, 94 Fed. 603.) After the filing of the *præcipe*, or at least after the making of the motion to dismiss the suit, the court lost jurisdiction of the suit *inter partes* and has no right to proceed further therein.    (*New Hampshire Banking Co.* v. *Ball*, 51 Pac. 899.)

There is no affirmative relief asked and no counter-claim alleged in the answer of Andrew J. Davis, trustee.    (*Babcock* v. *Maxwell*, 21 Mont. 507; *Moyle* v. *Porter*, 51 Cal, 639; *Wood* v. *Jordan*, 57 Pac. 998; *Peters* v. *Chandler*, 51 S. W. 281; *Union Bank* v. *Board of Commrs.*, 21 S. E. 410; Pom. Code, Rem. Sec. 97).

That a receiver was appointed was no objection to the dismissal of the suit.    The power of a court is limited to the appointment of a receiver during the pendency of the suit. The receivership is simply ancillary to the suit, and the suit is not ancillary to the receivership.    True, the dismissal of the suit does not *ipso facto* discharge the receiver.    It simply ends his duties *inter partes*, and the court retains jurisdiction

of the receiver and the subject-matter of the suit in his possession to compel the receiver to settle his account and turn over the property to the parties from whom it was taken by him.    When his account is settled and the property returned, his discharge by the court follows as a matter of course.    The following authorities are more or less in point on this proposition:    *Field* v. *Jones*, 11 Ga. 413; *Ireland* v. *Nichols*, 40 How. Pr. 85; *Rockwell* v. *Portland Bank*, 50 Pac. 566; *Campbell* v. *Eversole*, 38 S.W. 486; High on Receivers, Secs. 833, 837; Beach on Receivers, Sec. 796; 2 Daniel's Chan. Pr. (5th Ed.) p. 1754; *Pitt* v. *Bonner*, 5 Sim. 577.

.That prohibition is the proper remedy, see:    *Kaufman* v. *Superior Court*, 46 Pac. 9u4; *Boyd* v. *Steele*, 59 Pac. 21.

*Mr. E. N. Harwood*, for Respondent.

MR. JUSTICE PIGOTT, after stating the case, delivered the opinion of the court.

The plaintiff contends that at the time she filed the *præcipe* for dismissal she paid all the costs of the defendants in the action, and that neither of the answers stated a counterclaim or sought affirmative relief, and that therefore the action was dismissed, and the court was thereafter without jurisdiction. Section 1004 of the Code of Civil Procedure is as follows: "An action may be dismissed or a judgment of nonsuit entered in the following cases:    (1) By the plaintiff himself, at any time before trial, upon payment of costs; provided, a counterclaim has not been made or affirmative relief sought by the answer of the defendant.    If a provisional remedy has been allowed, the undertaking must thereupon be delivered by the clerk to the defendant, who may have his action thereon.    (2) By either party upon the written consent of the other.    (3) By the court, when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal.    (4) By the court, when upon the trial and before the submission of the case the plaintiff abandons it.    (5) By the court, upon motion of the defendant, when upon the trial the plaintiff fails to

prove a sufficient case for the jury.  *  *  *  The dismissal
mentioned in the first two subdivisions is made by entry in the
clerk's register.'' It is apparent that a counterclaim is not
interposed; but we are of the opinion that affirmative relief is
sought by the answer of Davis, trustee.  Under the provi-
sions of Chapter IV, Title X, Part II of the Code of Civil
Procedure, (Sections 1340–1399), which treats of actions for
the partition of real property, the defendant is not required to
plead facts sufficient to constitute a counterclaim in order to
obtain affirmative relief.  In actions brought for partition the
plaintiffs must set out specifically and particularly so far as
may be known to them, the interests of all persons in the
property; the defendants must set forth in their answers fully
and particularly the origin, nature and extent of their respect-
ive interests.  The rights of all parties may be put in issue,
tried, and determined.  An answer stating the matters required
to be pleaded by the statute will, when established, entitle the
defendants to full relief.  While the rule ordinarily applicable
to actions in general is that a defendant will not be granted
affirmative relief unless he pleads and proves facts constituting
a counterclaim, actions for partition comprise an exceptional
class.  In *McClaskey* v. *Barr* (C. C.) 48 Fed. 130, a suit for
partition, the court said that "when the defendants have an
interest in the property as co-tenants, it is incumbent on
them, by their answer, to disclose the nature and extent of
such interest as fully as' the plaintiff in his complaint, is
required to disclose the nature and extent of his interest.
They become, as it were, plaintiffs seeking affirmative relief,
and bound by all the rules of pleading to exhibit the facts
upon which alone that relief can be properly extended,''—
which is quoted from the text of Section 499, of Freeman on
Co-Tenancy and Partition.  The opinion in the case just cited,
as well as Section 499 of Mr. Freeman's treatise, approves the
following extract from *Morenhout* v. *Higuera*, 32 Cal. 290:
''An action for partition under our statute is to some extent
*sui generis.*  The parties named in the complaint, whether as
plaintiffs or defendants, are all actors, each representing his

own interest.    Whether plaintiffs or defendants, they are required to set forth fully and particularly the origin, nature, and extent of their respective interests in the property.    This having been done, the interest of each or all may be put in issue by the others; and, if so, such issues are to be first tried and determined, and no partition can be made until the respective interests of all the parties have been ascertained and settled by a trial.'' Parties to an action in partition are all actors or plaintiffs, each against each and all others. (*Senter* v. *DeBernal*, 38 Cal. 637). A plaintiff may dismiss or discontinue an action where no judgment other than for costs can be recovered against him by the defendant, but when under the pleadings and evidence relevant thereto, such other judgment may be recovered, the plaintiff will not be permitted, as of course, to dismiss or discontinue. (*McKesson & Hunt* v. *Mendenhall, et al.*, 64 N. C. 502. See, also, *Estell's Executors* v. *Franklin*, 29 N. J. Law, 264).

Nor do we think that the plaintiff complied with the requirement of Subdivision 1 of Section 1004, *supra*, that he must pay costs as a condition to a dismissal by himself before trial. The compensation of a receiver is taxable costs. (*Hutchinson* v. *Hampton*, 1 Mont. 39; *Ervin* v. *Collier*, 2 Mont. 605.) The compensation of a legally appointed receiver, while primarily chargeable to and payable out of the property or funds in his hands, as was held in *Hutchinsion* v. *Hampton, supra*, is nevertheless (in the absence of exceptional facts) ultimately taxable to the losing party, whose wrong occasioned the appointment, as was declared in *Ervin* v. *Collier, supra*. The receiver in *Cornue* v. *Root, et al.*, was appointed upon the application of the plaintiff, who sought thereafter to dismiss the action without paying the amount of the costs chargeable against the defendants' interest in the real property—indeed, it is not admitted that the plaintiff has any interest therein. The attempted dismissal by the plaintiff, without payment of the costs occasioned by her acts, was ineffectual. At the common law neither a discountinuance nor a dismissal could be entered, except by order of the court or of the chancellor.

Subdivision 1 of Section 1004 alters the common-law and equity rule by permitting the plaintiff himself, upon condition that he pay the costs, to dismiss his action (in the absence of a counterclaim pleaded or affirmative relief sought) at any time before trial by entry in the clerk's register. Without the performance of this condition the attempted dismissal is ineffectual. It is true that a plaintiff may not infrequently be unable to ascertain the amount of the costs at the time that he desires to dismiss the action; this is a penalty which he must suffer as a consequence of the mistake or error committed by him in bringing the action, which he impliedly admits should not have been commenced. We cannot, of course, on application for a writ of prohibition, determine whether the defendant or the District Court erred in the amount allowed to the receiver. There was jurisdiction to allow compensation and fix its amount.

The defendant, as the judge of the court over which he presides, has jurisdiction of the action. Let judgment be entered setting aside the alternative writ of prohibition, denying a peremptory writ, and dismissing the proceedings.

*Judgment for the Defendant.*