STATE EX REL HEINZE, RELATOR, *v.* DISTRICT COURT
OF THE SECOND JUDICIAL DISTRICT
ET AL., RESPONDENTS.

(No. 1,940.)

(Submitted April 23, 1903.  Decided May 25, 1903.)

*Appeal—Orders Appealable —Time for Appeal—Special Proceedings—Application for Receiver—Bill of Exceptions—Motions—New Trials.*

1.  Pending an action to settle a controversy as to the ownership of a mining claim, a receiver was appointed.  On appeal the order of appointment was reversed.  Thereafter, on January 17th, a hearing was had on the final report of the receiver, and at the conclusion thereof the court made an order fixing his compensation at a certain sum, and allowing him certain further sums for counsel and stenographer's fees.  The order contained no provision as to who should be charged with these allowances.  Two days later the receiver moved for an order requiring the plaintiff in the action to pay the allowances, and on January 31st the motion was granted, and an order entered in the form of a final judgment against the plaintiff for the amount thereof.  *Held,* that the order of January 31st, and not that of January 17th, was the appealable order.

2.  An application for the appointment of a receiver to work a mining claim pending a suit to settle a controversy as to the title thereto is not a "special proceeding," within the meaning of the Code of Civil Procedure, Section 1722, which, as amended by Acts 1899, page 146, provides that an appeal may be taken from a final judgment in an action or special proceeding within one year after the entry of judgment, but is a provisional remedy, which may only be had in an action, and cannot be made except as ancillary to and a step in the action itself.

3.  Code of Civil Procedure, Section 1723, as amended by the Act of 1899, provides that an appeal may be taken from a final judgment in an action or special proceeding within one year after the entry of judgment; from an order appointing or refusing to appoint a receiver, or giving directions with respect to a receivership, or refusing to vacate an order appointing or affecting a receiver, within sixty days after entry thereof.  Pending an action to settle a controversy as to the ownership of a mining claim, a receiver was appointed to work the property.  On appeal the order of appointment was reversed.  Afterwards an order was entered in the nature of a final judgment against the plaintiff in the action for the amount allowed the receiver for compensation, counsel fees, etc.  *Held* to be a "final order in an action," and appealable within one year, and not an order "with respect to a receivership," appealable only for sixty days.

4.  It is improper for the court to refuse to settle a bill of exceptions tendered in due time, for, while the appeal will lie whether the bill is made a part of the record or not, the papers and other evidence used on the hearing and the rulings on the objections cannot be of avail unless incorporated in a bill.

5. A motion for a new trial does not lie in a proceeding to settle the accounts of a receiver and to fix his compensation.

6. A motion which does not ask for a decision of an issue of fact arising upon formal pleadings is not the subject of a motion for new trial.

7. The court has no jurisdiction to settle a statement and bill of exceptions in support of a motion for a new trial in a proceeding where such motion does not lie.

Original application by the state, on the relation of Arthur P. Heinze, for a writ of mandate directed to William Clancy, as judge of the Second judicial district court. Granted in part.

## Statement of the Case.

Original application on the relation of Arthur P. Heinze for a writ of mandate to compel William Clancy, as judge of the Second judicial district court, to settle a bill of exceptions, and also a statement and bill of exceptions to be used on motion for a new trial. The facts out of which the controversy arises are the following: The relator with others, on August 12, 1899, brought an action in the district court of Silver Bow county, against the Parrot Silver & Copper Mining Company. The purpose of the action was to settle a controversy as to the ownership of the Nipper lode mining claim, and in the meantime, and until the action could be determined, to restrain the defendant corporation from extracting and removing ore from the claim. This action was designated on the court calendar as cause No. 8,087. The relator did not allege ownership in the claim, but joined in the action as lessee of the interests owned by the other plaintiffs. While the action was pending, and on March 5, 1900, the relator, having himself been enjoined from mining the property in an action brought by the defendant corporation, made application in cause No. 8,087 for the appointment of a receiver to mine the property, and to hold the proceeds pending the action, purposing by this means, if possible, to protect his leasehold interest. Upon a hearing of this application the court appointed one Thomas McLaughlin receiver, and on May 16th the receiver entered into possession of the property, and operated it until, upon appeal to this court, the order of appoint-

ment was reversed. (*Hickey* v. *Parrot S. & C. Co.,* 25 Mont. 164, 64 Pac. 330.) When the cause was remanded to the district court, the receiver ceased operations under the order of appointment, and returned the possession of the property to the plaintiffs in the action. This he did on March 25, 1901. During his operations, covering a period of about ten months, he filed monthly accounts of his receipts and expenditures with the clerk of the court, but the relator did not at any time make any objection to them in any particular, though it appeared that the operations resulted in loss in the aggregate of $10,342.29. The defendant corporation filed objections to each account. No order was made with reference to them, however, nor were any steps taken to have them settled and a formal discharge of the receiver obtained, until May 28, 1902. On that day, under an order of the court, upon a stipulation by the receiver and the defendant, these accounts were referred to William E. Carroll, Esq., as referee, for an adjustment of the disputed items. Thereafter the referee filed his report overruling all the objections. In the meantime the receiver filed his final report, in which he made a claim for compensation for himself and an allowance for counsel and stenographer's fees. On December 30th an order was made adopting the report of the referee. On January 8, 1903, a hearing was had upon the final report of the receiver and objections made thereto by the relator and his coplaintiffs. The objections presented a controversy as to the amount of the compensation claimed by the receiver, as well as to compensation in any amount for the time subsequent to the date of the *remittitur* from this court, and as to any allowance for counsel and stenographer's fees covering the same period of time. Evidence as to the value of these services, both of the receiver and his counsel, was admitted over the objections of the relator, and his exceptions were noted. At the conclusion of the hearing, and on January 17th, the court made an order fixing the compensation of the receiver at $16,000, less a payment already made to him of $4,569, and allowing him $10,000 for counsel fees covering the time after the annulment of the

order of appointment. An allowance of $125 for stenographer's fees during the time was also made. The order contained no provision as to whether the plaintiffs or the defendant, or any of them, should be charged with these allowances. Thereupon, and within the time granted by the court for that purpose, counsel for relator prepared and served upon the receiver and the defendant his bill of exceptions. The court granted the receiver time within which to propose amendments, but none were proposed. On April 11, 1903, within the ten days allowed by the statute, and after service and upon due notice to the receiver and the defendant, the bill was presented to the judge for settlement. Upon objection by the receiver and the defendant, the judge, William Clancy, refused to settle the bill. The refusal was apparently based upon the theory that, if the order was appealable at all, the appeal should have been taken within sixty days from its entry, and, this time having already elapsed without an appeal, the settlement of the bill would be nugatory. On January 19th the receiver, through his counsel, and upon notice to the relator, moved the court for an order directing and requiring the relator to pay the allowances fixed in the order of January 17th. This motion was granted, and on January 31st the court entered an order in the form of a final judgment against the relator for the amount of the allowances, aggregating $21,556, and directing execution to issue therefor. Within ten days from this date the relator served upon counsel for the receiver and for the defendant in cause 8,087 and filed with the clerk his notice of intention to move for a new trial, setting forth the statutory grounds of motion. Within the time allowed by the court, he served his bill of exceptions and statement in support of the motion upon the defendant and the receiver. These latter proposed no amendments. Thereupon, on April 15th, and within the ten days allowed after the time for amendments had expired, the bill and statement were, upon notice, presented to the judge for settlement. Objection was made to the settlements on the grounds, first, that the notice of intention had not been given in time; second, that a motion for a new trial was

not allowed by the statute; and, third, that, as the sixty days within which an appeal would lie from the order had already expired, and no appeal had been taken, a settlement of the bill and statement would serve no useful purpose. The judge sustained the objection, and declined to make the proper certificate of settlement.

Upon the filing of an affidavit setting forth these facts, an alternative writ was issued. The defendant judge appeared, and filed a demurrer raising a legal issue upon the sufficiency of the facts to warrant the relief sought. By consent an answer was also filed, but without waiving the legal issue presented by the demurrer, and, after argument, the matter was submitted.

*Mr. James M. Denny,* for Relator.

*Messrs. Kirk & Clinton,* and *Mr. H. L. Maury,* for Respondents.

MR. CHIEF JUSTICE BRANTLY, after stating the case, delivered the opinion of the court.

The answer presents no material issue of fact. We shall therefore consider the questions raised by the demurrer. These are: (1) Does an appeal lie from the order of January 31st as from a final judgment within one year from the date of entry, and, incidentally, was it the duty of the judge to settle the bill of exceptions presented on April 11th? (2) Under the provisions of the statute, does a motion for a new trial lie in a proceeding to settle the accounts of a receiver and to fix his compensation?

1.   Section 1722 of the Code of Civil Procedure, as amended by the Act of 1899 (page 146, Sess. Laws 1899), provides: "An appeal may be taken to the supreme court from a district court, in the following cases: (1) From a final judgment entered in an action or special proceeding commenced in a district court. * * * (2) * * * From an order appointing or refusing to appoint a receiver, or giving directions with

respect to a receivership, or refusing to vacate an order appointing or affecting a receiver." Section 1723, as amended by the same Act, provides that "an appeal may be taken from a final judgment in an action or special proceeding   *   *   *   within one year after the entry of judgment," and that an appeal may be taken from any of the orders mentioned in Subdivision 2 of Section 1722 within sixty days after the same is entered in the minutes of the court or filed with the clerk.

Counsel for the defendant insist that, if the order for the review of which the bill of exceptions presented on April 11th is intended to furnish the basis is appealable at all, the appeal must be taken within sixty days from the date of it, and that, as this was not done, the presiding judge may not be compelled to settle the bill, because, the time for appeal having expired, the settlement of the bill would be a useless act. Counsel do not seem to have a clear notion as to whether the order of January 17th or that of January 31st is the one from which the appeal may be taken. The whole proceeding in the court below seems to have been conducted by piecemeal. We are of the opinion that the time within which an appeal may be taken began to run from the date of the final order in the proceeding, namely, from January 31st. It was only upon the entry of this order that the parties to the controversy could ascertain what their rights were as declared by the court. The proceedings had and orders made up to that time were intermediate, and, like the proceedings and orders upon the trial of an action, were merely the successive steps in the hearing which resulted in the final order or judgment determining the rights of the parties. Having reached this conclusion, it is necessary to decide whether this order is a final judgment within the meaning of the first subdivision of Section 1722, or whether it is an order "giving directions with respect to a receivership," and falls in the list of orders enumerated in the second subdivision of that section. If it falls within the first category, an appeal will lie within one year, under the first subdivision of Section 1723; otherwise the

second subdivision of the latter section applies, and the time for appeal has long since elapsed.

It will be noticed that the language of the first subdivision is "from *a* final judgment in an action or special proceeding," and not "from *the* final judgment," etc. Counsel for the relator argues that the application for a receiver was a special proceeding within the meaning of Sections 3470 and 3472 of the Code of Civil Procedure, and therefore that, the order being a final disposition of the receivership, the appeal comes within the provision touching special proceedings. We do not think this the correct view. The appointment of a receiver is a provisional remedy, which may be had in an action, and cannot be made except as ancillary to and a step in the action itself. The expression "special proceedings" has no reference to provisional remedies in actions at law or in equity, but to such proceedings as may be commenced independently of a pending action by petition or motion, upon notice, in order to obtain special relief. The provisions touching such proceedings are found in Part III (Sections 1930-3081) of the Code of Civil Procedure. Provisional remedies by way of injunction, receiverships, etc., are provided for in Part II (Sections 800-981) of that Code, and are incidental to formal actions brought in the ordinary way. We think, however, that the order falls clearly within the meaning of "a final judgment in an action," as used in that section, and is not an order "with respect to a receivership." The expression "with respect to a receivership" has reference to an active receiver engaged in the discharge of his duties and the orders made directing him therein. The right of appeal under this provision is granted to the parties, and not to the receiver. Nor does it, we think, have reference to controversies arising between the parties and the receiver as to his fees and allowances made by the court. The fees of the receiver may be allowed as costs, and taxed against the losing party upon the entry of final judgment in the action. (*State ex rel. Cornue* v. *Lindsay,* 24 Mont. 352, 61 Pac. 883; *Hutchinson* v. *Hampton,* 1 Mont. 39; *Ervin* v. *Collier,* 2 Mont. 605.) But this does not preclude the

court upon a discharge of the receiver before the conclusion of the action, as was the case here, from fixing his compensation, and adjudging payment thereof against the party at whose instance he was wrongfully appointed; otherwise the receiver, not having funds in his hands out of which his compensation could be paid, would be compelled to wait until the final determination of the action before his compensation could be allowed and paid. This view, we think, is sound upon principle. The order of January 31st was, in effect, a final judgment, making disposition of the branch of the case touching the receivership, and as such, we think, an appeal will lie therefrom at any time within one year from the date of its entry. "A final judgment is not necessarily the last one in an action. A judgment that is conclusive of any question in a case is final as to that question. The Code provides for an appeal from *a* final judgment, not from *the* final judgment in an action." (*Sharon* v *Sharon,* 67 Cal. 185, 7 Pac. 456, 635, 8 Pac. 709.) This case was an action for a divorce. Pending the action an order was made granting the plaintiff alimony and counsel fees. The defendant appealed. On motion to dismiss the appeal the court held the order appealable under the statute granting the right of appeal from a final judgment. The same conclusion was announced by this court, and the case of *Sharon* v. *Sharon* approved, in the case of *In re Finkelstein,* 13 Mont. 427, 34 Pac. 847, and in *State ex rel. Nixon* v. *District Court,* 14 Mont. 396, 40 Pac. 66. The order under consideration, being in form and effect a final judgment, is entirely analogus to an order awarding alimony and counsel fees in divorce cases. The following cases involving questions touching the character and appealability of similar orders are in point, and, we think, conclusive: *Tuttle* v. *Claflin,* 31 C. C. A. 419, 88 Fed. 122; *Daniels* v. *Daniels,* 9 Colo. 133, 10 Pac. 657; *Chandler* v. *Cushing-Young Shingle Co.,* 13 Wash. 89, 42 Pac. 549; *Hecht* v. *Hecht,* 28 Ark. 92; *Trustees* v. *Greenough,* 105 U. S. 527, 26 L. Ed. 1157; *Williams* v. *Morgan,* 111 U. S. 684, 4 Sup. Ct. 638, 28 L. Ed. 559; *Patterson* v. *Ward,* 6 N. Dak. 359, 71 N. W. 543; *Hovey* v *McDonald,* 109 U. S. 150, 3 Sup. Ct. 136, 27 L. Ed. 888.

On this branch of the case it remains to consider only whether the court should have settled the bill of exceptions tendered on April 11th.    The relator was present at the hearing, and had interposed objections to the admission of evidence.    He had taken exceptions to adverse rulings upon his objections, as well as to other matters presented and determined against him.    It appears from the facts stated in the affidavit that he proceeded within the time allowed by Section 1155 of the Code of Civil Procedure to have the bill settled, and made a part of the record, so as to make his exceptions available on appeal.    This he had a right to do under the express provisions of this section as to any ruling adverse to him during the trial to which he reserved exceptions.    The court should have settled the bill, and a refusal to do so was tantamount to a denial of the right of appeal, for, though the appeal would lie whether the bill was made a part of the record or not, the papers and other evidence used on the hearing and the rulings of the court upon the objections of the relator could not be of avail unless incorporated in a bill.    (*Cornish* v. *Floyd-Jones,* 26 Mont. 153, 66 Pac. 838.)

2.    Does a motion for a new trial lie in the proceeding under consideration ?    A new trial is a re-examination of an issue of fact.    (Code of Civil Procedure, Sec. 1170.)    The expression "issue of fact," used in its broader sense, would include every issue of fact, whether arising upon formal pleadings or upon a motion.    As used here, however, it refers only to issues of fact raised by formal pleadings, as defined in Section 1033 of the Code of Civil Procedure.    The definition here given clearly excludes issues arising upon affidavits or oral evidence used on motions.    That this is so is made clear by Sections 1173, 1176, and other provisions touching new trials and appeals, all of which contemplate issues arising in actions.    There is, therefore, no authority in the Code for a motion for a new trial of a motion.    In such case, if a rehearing in the same court of the matters involved in the motion is desired, the proper practice is to apply for leave to renew the motion.    If the purpose is to have it reviewed on appeal, it is sufficient to present to the su-

preme court the order, with a bill of exceptions incorporating the rulings of which complaint is made. Therefore a motion which does not ask for a decision of an issue of fact arising upon formal pleadings is not the subject of a motion for a new trial. These are the views of the supreme court of California upon identical provisions touching new trials. (*Harper* v. *Hildreth,* 99 Cal. 265, 33 Pac. 1103.) We adopt and approve them. It necessarily follows that the court was under no legal duty to settle the statement and bill of exceptions in support of the motion for a new trial. They were not intended to make a part of the record the objections, rulings of the court thereon, and exceptions reserved by the relator during the hearing under Section 1152 of the Code of Civil Procedure, as was the bill presented on April 11th, but were intended to preserve the same matters as the basis of a motion for a new trial under Section 1173. The course of procedure adopted could be pursued only under the provisions of the latter section. Therefore, as the motion did not lie, the proceeding to settle the statement and bill in support of the motion was a matter without the jurisdiction of the court, and the settlement was properly denied.

In so far as the application seeks a settlement of the statement and bill of exceptions in support of the motion for a new trial it is denied. The peremptory writ will issue, however, directing and requiring the district judge to settle and make a part of the record the bill of exceptions presented for settlement on April 11th.

Rehearing denied June 13, 1903.