[Sac. No. 3405. In Bank.—March 6, 1923.]

In the Matter of a Proceeding to Validate SUTTER–BUTTE BY–PASS ASSESSMENT NUMBER SIX OF THE SACRAMENTO AND SAN JOAQUIN DRAINAGE DISTRICT.

[1] APPEAL—TRANSFER BY SUPREME COURT—JURISDICTION.—If a judgment is an appealable one and the appeal lies in the first instance to a district court of appeal, the appeal may be transferred by the supreme court to the proper district court of appeal, as provided

in article VI, section 4, of the constitution, or retained in the
supreme court, pursuant to the power possessed by that court to
order a transfer to it either before or after judgment given in
any case pending in a district court of appeal.

[2] Id.—Right of Appeal—Power of Legislature.—The right of ap-
peal from the judgment of an inferior to a higher court must be
found either in the state's constitution or statutes, and it is the
settled rule of law that if the right of appeal is constitutionally
granted in any given case such right cannot be destroyed or
delimited by legislative enactment.

[3] Constitutional Law—Power of Legislature—Remedies.—While
the legislature has, ordinarily, the power to create a new remedy
for the enforcement of a right or a defense against a wrong, it
cannot, under the guise of creating a new statutory remedy,
deprive a litigant of an existing constitutionally guaranteed right
to defend, even unto a court of last resort, against the enforce-
ment of an alleged right. This right to so defend, once existing,
continues regardless of the form in which the legislature may cast
the remedy.

[4] Id. — Appeal — Jurisdiction of Supreme Court. — The legislature
cannot by the creation of a new remedy deprive the supreme court
of its constitutional grant of appellate jurisdiction if the right
involved in the execution of the remedy is of a character which in
its very essence is equitable and was of an equitable nature and
character at the time of the adoption of the constitutional pro-
vision which gave to that court appellate jurisdiction over the sub-
ject matter of the remedy.

[5] Special  Proceedings — Actions — Definitions. — The  phrase
"special proceeding" is used in the code practice in contradistinc-
tion to "action," and that phrase has no reference to provisional
remedies in actions at law or in equity, but has reference only to
such proceedings as may be commenced independently of a pend-
ing action by petition or motion upon notice in order to obtain
special relief; and, generally speaking, any proceeding in a court
of justice which was not, under the common law or equity practice,
either an action at law or a suit in equity is a special proceeding.

[6] Drainage District — Proceeding to Validate Assessment —
Nature of—Right of Appeal.—A proceeding for the validation
of an assessment of the Sacramento and San Joaquin drainage dis-
trict, a governmental agency created by the special act of May
26, 1913 (Stats. 1913, p. 252), is one to establish, pro tanto at
least, the validity of the assessment, and has all the characteristics
of a case, somewhat after the manner of a suit in equity to quiet
title to land, the purpose of the proceeding being to establish the
validity of the assessment with a view to a bond issue; and such
a proceeding is a judicial proceeding, which is well within the

letter and spirit of the constitutional proceeding which grants to the supreme court and guarantees to litigants the right, beyond legislative control, to an appeal in all cases, either at law or in equity, involving the validity of any tax or assessment.

MOTION to dismiss appeal from a judgment of the Superior Court of Sutter County in a proceeding to validate assessment. G. W. Nicol, J. W. Bartlett and J. S. Koford, Judges. Denied.

The facts are stated in the opinion of the court.

Elston, Clark & Nichols for Appellants Ella L. Hershey et al.

Thomas Rutledge, Brown & Alberry, Seth Millington, Jr., George Clark, Burke Corbet, Morrison, Dunne & Brobeck and Edward F. Treadwell for Appellants West Side Land Owners.

Theodore W. Chester for Appellants Commercial Investment Co. et al.

Frank Freeman for Respondent Reclamation Board.

Robert T. Devlin and Devlin & Devlin, *Amici Curiae.*

LENNON, J.—This is a motion to dismiss an appeal taken to this court from a judgment in "a judicial proceeding" (Stats. 1919, p. 1093, sec. 4.) brought and heard in the superior court in and for the county of Sutter, three judges sitting, upon the ground that the judgment is final and not appealable, either to this court or to a district court of appeal. [1] If the judgment is an appealable one and the appeal lies in the first instance to a district court of appeal, the appeal may be transferred by this court to the proper district court of appeal as provided in article VI, section 4, of the constitution (*People* v. *McKamy,* 168 Cal. 531, 533 [143 Pac. 752]), or retained in this court pursuant to the power possessed by this court to order a transfer to it either before or after judgment given in any case pending in a district court of appeal. (*Keech* v. *Joplin,* 157 Cal. 1, 7 [106 Pac. 222].)

The case now here upon a perfected appeal involves the validation of an assessment, aggregating in value some eight millions of dollars, of the Sacramento and San Joaquin drainage district, a governmental agency created by the special act of May 26, 1913 (Stats. 1913, p. 252), which is amendatory of the act of December 24, 1911 (Stats. 1911 [Ex. Sess.], p. 117). No contention is made that the said district was not legally organized, and, indeed, no such contention could be made, for the circumstances attending its creation are as adequate to justify such legislation for the creation of a drainage district as they were in *People* v. *Sacramento Drainage Dist.*, 155 Cal. 373 [103 Pac. 207], where similar legislation was upheld.

The act of May 27, 1919, authorized the issuance and sale of bonds of the Sacramento and San Joaquin drainage district (Stats. 1919, p. 1092) and provided that after an assessment had been levied by the reclamation board, upon lands within the district, the board had authority to determine that it would be best to issue bonds to pay the cost of the works, etc., and that if the board did so determine it should commence "a judicial proceeding for the validation of said assessment" in the superior court for the county "within which the largest acreage of land affected by said assessment is situate" and that three judges should sit and act in the proceeding. (*Athearn* v. *Nicol*, 187 Cal. 86 [200 Pac. 942].) After taking the statutory steps enumerated the board instituted such a proceeding as the one outlined in the superior court of Sutter County, which resulted in a judgment validating the assessment, which was rendered by a unanimous vote of the three judges. Thereupon the appeal from that judgment, here sought to be dismissed, was perfected notwithstanding a provision of the statute that "the decision of a majority of said court shall be final and conclusive, and no motion for a new trial of said proceeding shall be allowed, and no appeal from the judgment given and made by said court shall be had." (Stats. 1919, p. 1094, sec. 8.)

The provision forbidding an appeal is plain and unambiguous and beyond question is applicable to the appeal here sought to be dismissed. We are relieved, therefore, from any difficulties respecting the interpretation or appli-

cability of the provision purporting to prevent an appeal to the motion to dismiss now before us.

The motion to dismiss turns upon the solution of the question of whether or not the provision of the statute in question denying an appeal contravenes a claimed constitutional right of appeal.

All of the several arguments of the appellants may be merged into the one proposition that they have a constitutionally guaranteed right of appeal, and it will only be necessary for us to discuss and decide but one of the contentions made in that behalf, and that is that the validating proceeding provided for by the act in question is in its essence either a suit in equity or one at law involving the validity of an assessment and, therefore, falls within the appellate jurisdiction conferred upon this court and guaranteed to litigants by that constitutional provision which provides that this court shall have appellate jurisdiction "on appeal from the superior courts . . . in all cases in equity . . . ; also in all cases at law which involve the . . . legality of any tax, . . . assessment, etc. . . . " (Const., art. VI, sec. 4.)

[2] Concededly the right of appeal from the judgment of an inferior to a higher court must be found either in the state's constitution or statutes and it is the settled rule of law that if the right of appeal is constitutionally granted in any given case such right cannot be destroyed nor delimited by legislative enactment. "The courts of this state derive their powers and jurisdiction from the constitution of the state. The constitutional jurisdiction can neither be restricted nor enlarged by legislative act. An attempt to take away from the courts judicial power conferred upon them by the constitution is void." (*Pacific Telephone etc. Co.* v. *Eshleman,* 166 Cal. 640, 690 [Ann. Cas. 1915C, 822, 50 L. R. A. (N. S.) 652, 137 Pac. 1119, 1138].) The case last cited, and other cases assembled and referred to therein, recognize that litigants have a constitutionally guaranteed right of appeal in all litigated matters within the express jurisdiction of appellate courts.

And if the legislature cannot take away this right by direct enactment neither can it accomplish the same result by any indirect device. [3] While the legislature has, ordinarily, the power to create a new remedy for the enforce-

ment of a right or a defense against a wrong, it cannot, under the guise of creating a new statutory remedy, deprive a litigant of an existing constitutionally guaranteed right to defend, even unto a court of last resort, against the enforcement of an alleged right. This right to so defend, once existing, continues regardless of the form in which the legislature may cast the remedy. In other words, as was said in the case of *People* v. *Perry*, 79 Cal. 105, 108 [21 Pac. 423, 424] : "This court retains jurisdiction of the case notwithstanding the legislature may have changed the procedure, enlarged the remedy and given it a new name. To hold otherwise would be to admit a power in the legislature to abridge our jurisdiction and to take from parties the right of appeal by the easy device of a change of procedure in many cases where the right and jurisdiction are unquestioned."

[4] In other words, the legislature cannot by the creation of a new remedy deprive this court of its constitutional grant of appellate jurisdiction if the right involved in the execution of the remedy is of a character which in its very essence is equitable and was of an equitable nature and character at the time of the adoption of the constitutional provision which gave to this court appellate jurisdiction over the subject matter of the remedy. It follows, therefore, that if the proceeding before us is included in that class of cases, in contradistinction to special proceedings, over which appellate jurisdiction has been given by the constitution the appellants have a constitutionally guaranteed right of appeal of which they cannot be deprived.

[5] The phrase "special proceeding" is used in the code practice in contradistinction to "action." That phrase has no reference to provisional remedies in actions at law or in equity. It has reference only to such proceedings as may be commenced independently of a pending action by petition or motion upon notice in order to obtain special relief. (*Carpenter* v. *Jones*, 121 Cal. 362 [53 Pac. 842] ; *State* v. *District Court*, 28 Mont. 227 [72 Pac. 613].) And, generally speaking, any proceeding in a court of justice which was not, under the common-law or equity practice, either an action at law or a suit in equity is a special proceeding. (*In re Central Irr. Dist.*, 117 Cal. 382, 387 [49 Pac. 354]. See, also, *In re Joseph's Estate*, 118 Cal. 660 [50 Pac. 768].)

The proceeding in question here would seem at first blush to be a special proceeding—one *sui generis,* and designed to constitute a remedy in itself, complete and entirely different from and independent of the remedies ordinarily afforded to the state for the enforcement of an assessment or to a taxpayer for relief from a void assessment.

But in dealing with the subject matter involved in the proceeding below we must have regard to substance rather than to form. Even though the legislature created in the instant case what is seemingly a new remedy if it be in effect a proceeding to adjudicate old rights which are equitable in their nature or a proceeding which in substance is an action at law, it will be treated as a "case" rather than a special proceeding. (*Davis* v. *Judson,* 159 Cal. 121 [113 Pac. 147]; *McNeil* v. *Morgan,* 157 Cal. 373 [108 Pac. 69].)

In the *Estate of Cheda,* 187 Cal. 322 [202 Pac. 133], we recognized the justice and obvious propriety of this conclusion. In that case there was an order made in probate which, considered strictly as a probate order, was not appealable. Nevertheless we held it to be appealable because in substance and practice it was in effect an action for specific performance and hence a case in equity and, therefore, within the constitutionally guaranteed jurisdiction of this court.

[6] We cannot escape applying the same rule here, for, after all is said and done, the proceeding before us is one to establish, *pro tanto* at least, the validity of an assessment, and moreover, it has all the characteristics of a case, somewhat after the manner of a suit in equity, to quiet title to land. The purpose of the proceeding is to establish the validity of an assessment with a view to a bond issue. Once the steps taken in the process of levying the assessment are adjudged in the proceeding in question to be legal the obligation to pay will follow almost as a matter of course.

The proceeding instituted in the court below is undoubtedly a judicial proceeding. The statute creating and permitting the institution and prosecution of that proceeding declares and defines it to be a judicial proceeding; and it has been determined by this court to be a judicial proceeding in the case of *Athearn* v. *Nicol,* 187 Cal. 86 [200 Pac. 942]. The proceeding in question has all the earmarks of a "case" in the ordinary acceptation of the term. The proceeding is instituted by the filing of what is practically a complaint;

the parties to be affected thereby are brought into court by what is in effect a substituted service; a hearing is had in a court by a court composed of three judges; findings must be made and a judgment rendered and entered thereon, and, as was stated in *Athearn* v. *Nicol, supra,* "It is clear that the legislature contemplated a court proceeding. It provided that the judicial proceeding to validate the assessment should be commenced in the superior court . . . and it is manifest that the whole scheme was to have a judgment of the superior court affirming the validity of the bonds before their issue and to permit no other attacks thereon." Clearly, therefore, it can be said to be a "case" in the general sense, and if it be a case, as we think it is, then it certainly is one involving the legality of an assessment and, therefore, well within the letter and spirit of the constitutional provision which grants to this court and guarantees to litigants the right, beyond legislative control, to an appeal in all cases, either at law or in equity, involving the validity of any tax or assessment.

The motion to dismiss is denied.

Kerrigan, J., Waste, J., Myers, J., Wilbur, C. J., Seawell, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred.