## WHITLEY v. SPEED.

(Supreme Court, Appellate Division, Third Department.   January 5, 1916.)

**1. PLEADING ⬦⬦129—ADMISSIONS—DENIAL.**

Under Code Civ. Proc. § 522, providing that each material allegation of the complaint not controverted by the answer shall be taken as true, a complaint in an action by an administrator for an accounting as to property alleged to be in the hands of defendant, who stood in a fiduciary relation to decedent, which alleges that decedent died intestate, and that plaintiff was appointed his administrator, must be taken as true, where not controverted by the answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec. Dig. ⬦⬦129.]

**2. EXECUTORS AND ADMINISTRATORS ⬦⬦471—EXISTENCE OF WILL—ACTION BY ADMINISTRATOR.**

In an action by an administrator for an accounting as to property in the hands of defendant, who stood in a fiduciary relation to decedent, defendant cannot defeat the action by an assertion that the action is not being prosecuted in good faith by plaintiff, because defendant has discovered a will executed by decedent, where such will has neither been probated nor offered for probate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2018–2024; Dec. Dig. ⬦⬦471.]

**3. DISCOVERY ⬦⬦55—EXAMINATION—AFFIDAVITS ON INFORMATION AND BELIEF.**

In an action by an administrator for an accounting, where after issue joined plaintiff moved for examination of defendant before trial, supporting the motion by affidavits made on information and belief, the affidavits were sufficient, where defendant stood in a fiduciary relation to decedent.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 68–70; Dec. Dig. ⬦⬦55.]

**4. DISCOVERY ⬦⬦55—EXAMINATION—AFFIDAVITS ON INFORMATION AND BELIEF.**

The rule that affidavits for an order for examination of an adverse party to secure information for the framing of the complaint cannot be based on information and belief is not applicable to an examination sought after issue joined for the purpose of obtaining evidence for use at the trial.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 68–70; Dec. Dig. ⬦⬦55.]

Appeal from Special Term, Tompkins County.

Action by William H. Whitley, as administrator of Gilbert S. Higgins, deceased, against Robert L. Speed. From an order denying his motion to vacate or modify an order for defendant's examination before trial, defendant appeals. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Miller & Stephens, of Ithaca (Friend H. Miller, of Ithaca, of counsel), for appellant.

David M. Dean, of Ithaca (William Nelson Noble, of Ithaca, of counsel), for respondent.

⬦⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WOODWARD, J. The plaintiff is the administrator of the estate of Gilbert S. Higgins, deceased, and brings this action to compel the defendant to account for his dealings with the property of the decedent during the time that the defendant was acting for the said Gilbert S. Higgins under a power of attorney. The plaintiff alleges a cause of action, necessarily upon information and belief as to many of the matters, among them that the defendant received an assignment of a certain bond and mortgage from the said Gilbert S. Higgins, during his lifetime, absolute in form, but in fact coupled with a trust. The learned court at Special Term granted the plaintiff's motion to compel the defendant to submit to an examination before trial. The defendant moved the Special Term for an order vacating the order, or modifying the same, and this motion being denied appeal comes to this court. The defendant urges as reasons why his motion should have been granted that the plaintiff is not prosecuting this appeal in good faith, apparently oblivious to the fact that the plaintiff is not prosecutng an appeal at all, but is merely standing upon his rights under the order.

[1] The defendant's contention on the question of the plaintiff's good faith is based upon an affidavit, submitted to the Special Term, to the effect that the defendant claims to have discovered a will made and published by the decedent, by the terms of which the defendant is made one of the executors of the estate. But this alleged will has not been probated; it may never be probated. The complaint in the action alleges, and the answer admits, that the said Gilbert S. Higgins died intestate, and, until the will has been probated, this undenied allegation of the complaint must be accepted and acted upon as true. Code Civ. Proc. § 522.

[2] Upon the pleadings the plaintiff is entitled to the order which has been granted, and to suggest that he is not acting in good faith because the defendant claims to have discovered a will, is hardly fair. The plaintiff is the administrator of the estate; he is acting in a representative capacity, and it is his duty to protect and preserve the estate so long as he is acting in the official capacity. When the will is probated, if it ever is, the administration will terminate; but until that event the duties of the plaintiff are not changed, and he ought not to be charged with bad faith in doing just what it is his duty to do under his letters.

[3] The defendant urges that the order for his examination should be vacated, because the moving affidavits are made upon information and belief; but we are of the opinion that the rule, which is applied where evidence of the existence of a cause of action is required, is not necessary under the facts of this case, where the defendant has occupied a fiduciary relation to the plaintiff's intestate, and where he should be prepared to reveal the information which is essentially within his own knowledge, and which cannot be presumed to be known to the plaintiff.

[4] There are certain fundamental differences between an examination of an adverse party after issue joined, to obtain evidence for use at the trial, and an examination in order to frame a complaint.

Decisions as to the former are not necessarily authoritative as to the right to the latter. Matter of Gardner, 124 App. Div. 654, 109 N. Y. Supp. 95. Boskowitz v. Sulzbacher, 121 App. Div. 878, 106 N. Y. Supp. 865, and Mitchell v. Central Mines Development Co., Limited, 124 App. Div. 325, 108 N. Y. Supp. 953, were both cases where the examination was sought to enable the plaintiff to frame a complaint, and the rule in such cases is undoubtedly as suggested by the defendant; but the purpose of examination after issue joined is to develop the truth, and the courts have wisely swept away all petty restrictions upon the full use of this privilege, and the rule is well established that where the moving papers comply with the statute the party is entitled to the order as a matter of law. Cherbuliez v. Parsons, 123 App. Div. 814, 108 N. Y. Supp. 321; Stevens v. Weygandt, 163 App. Div. 543, 544, 148 N. Y. Supp. 958, and authorities there cited.

The order appealed from should be affirmed, with $10 costs and disbursements, and the appellant should be directed to appear at a day certain and submit to examination. All concur.