Matter of Proving the Last Will and Testament of ROSETTA L. HODGMAN, Deceased.*

(Surrogate's Court, New York County, April, 1919.)

Deposition — application for examination of proponent of a will before trial denied.

An application for an examination of the proponent of a will for the purpose of preparing for the trial of a contested probate, will be denied.

PROCEEDING upon the probate of a will.

Evarts, Choate & Sherman, for petitioner.

Horwitz & Rosston, for contestant Herbert D. Lewis.

FOWLER, S. This is an application for an examination of a proponent of a will before trial of a contested probate, for the alleged purpose of preparing for trial. It is claimed to be justified under section 2770 of the Code of Civil Procedure and sections 870, 872 and 873 of the Code of Civil Procedure. I am not satisfied that there is such a right to examine

---

* See *People ex rel. Lewis* v. *Fowler, post,* 253.

proponent before trial. The proceeding for probate is one *in rem,* and is a special proceeding. It is not an action at law. On the trial every opportunity is afforded of eliciting all the facts in an orderly way. I so held in *Matter of Goodheart,* Sur. Decis. 1916, p. 1133. The modern tendency to make probate of wills difficult and more technical than the tradition and custom of a thousand years warrants does not appeal to me. In a proceeding *in rem* the procedure is usually deliberate and adjourned from time to time as justice requires. There ought to be no room for surprise or trickery. The main party concerned in such proceedings is the state, which superintends and directs the inquisition for probate. This principle is being gradually lost sight of in probate courts in this state.

Application denied.