THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERBERT D. LEWIS, Respondent, *v.* ROBERT LUDLOW FOWLER, a Surrogate of the County of New York, Appellant.

First Department, November 7, 1919.

**Surrogate's Court — mandamus does not lie to compel surrogate to sign order for examination of proponent before trial — Code of Civil Procedure, §§ 870 et seq., not applicable to proceedings in Surrogates' Courts.**

The Special Term of the Supreme Court will not issue a writ of mandamus directing a surrogate to sign an order for the examination of proponent before trial. The effect of such writ would be to deprive the surrogate of the discretion vested in him.

*It seems,* that the provisions for examination of parties before trial as provided for in sections 870 *et seq.* of the Code of Civil Procedure do not apply to and have not been extended to proceedings in a Surrogate's Court.

PHILBIN, J., dissented in part, with opinion.

APPEAL by the defendant, Robert Ludlow Fowler, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of June, 1919, granting relator's motion for a peremptory writ of mandamus.

*George L. Ingraham* of counsel [*Anthony J. Barrett*, attorney], for the appellant.

*Otto Horwitz* of counsel [*Horwitz & Rosston*, attorneys], for the respondent.

PHILBIN, J.:

This is an appeal from an order of the Special Term, granting a mandamus directed to Hon. Robert Ludlow Fowler, a surrogate of the county of New York, directing him to grant " the application referred to in the said affidavit of Herbert D. Lewis, duly verified the 24th day of April, 1919, and issue an order accordingly for the examination of said John A. Lewis in the probate proceedings now pending in the Surrogates' Court of the County of New York, entitled ' In the Matter of Proving the Last Will and Testament of Rosetta L. Hodgman, deceased."

The relator presented to the Special Term an affidavit, from which it appeared that on the 20th day of February, 1919, one John A. Lewis filed a petition in the Surrogate's Court of the county of New York, praying for the probate of a certain paper as the last will and testament of Rosetta L. Hodgman, deceased; that thereupon a citation was issued by the surrogate directing certain persons to show cause why the alleged instrument should not be admitted to probate as a will of real and personal property. Subsequently, affiant filed objections to the probate of such paper as the last will and testament of the said decedent and demanded a jury trial and an order was made directing that there be had before a surrogate and jury a trial of the issues of fact raised by the objections.

On the 7th day of April, 1919, an application was made on behalf of the affiant to the surrogate for an order directing the said Lewis, the proponent, to appear for examination before trial pursuant to section 872 of the Code of Civil Procedure.

The proposed order, as submitted to the surrogate, required that the deposition of the proponent be taken pursuant to section 872 of the Code of Civil Procedure, and that he submit to examination upon eight specified subjects. The learned surrogate denied the application stating that he was

not satisfied that there existed such right to examine proponent before trial; that the proceeding for probate was one *in rem*, and was a special proceeding and not an action at law.    (See *Matter of Hodgman*, 107 Misc. Rep. 70.)

I think the surrogate has the power to act under section 872 of the Code of Civil Procedure and that in a proper case he must make an order for examination before trial pursuant to section 873.   (*Matter of Plumb*, 64 Hun, 317; approved, 135 N. Y. 661.)  In that case the application was for the issuing of a commission to take testimony under section 888 and it was claimed that the surrogate had no power.   The section at that time (1892) did not provide for a commission in a special proceeding, the amendment including the latter being enacted in 1894.   (Laws of 1894, chap. 308; Laws of 1895, chap. 946.)   Therefore, the same situation was presented as to the provisions of the Code as now exists.   The present section 2770, which makes all sections of the Code apply to Surrogates' Courts, was taken from former section 2538, in effect when the *Plumb* case was decided.   There is some difference in the wording of the two sections.   The earlier one specifically referred to certain chapters, titles and articles of the Code.   Section 2770 is much broader.   It reads:

" Except where a contrary intent is expressed in, or plainly implied from the context of, a provision of this chapter, all other portions of this act, and the General Rules of Practice apply to Surrogates' Courts and to the proceedings therein, so far as they can be applied to the substance and subject matter of a proceeding without regard to its form."

Former section 2538 did not refer to the General Rules of Practice.   The insertion of such reference in section 2770 may fairly be regarded as an intention on the part of the Legislature to make the section broader in its scope.   The court in the *Plumb* case very forcibly said that to regard the sections authorizing the issuing of commissions as applicable only to actions in Surrogates' Courts would be meaningless, as there are only special proceedings therein; also that " the Legislature in enacting section 2538 had undoubtedly in view the difference that exists between courts wherein actions may be brought and the Surrogate's Court which deals solely with

special proceedings, and hence, in making applicable the other provisions of the Code to the Surrogate's Court, we find that in reference thereto the language used is that such provisions are made applicable ' to the proceedings therein so far as they can be applied to the substance and subject-matter of a proceeding without regard to its form.' "

Although it thus appears that the learned surrogate erred in doubting his power to issue an order for examination, I think the order granting the mandamus was improper. The effect of the action of the Special Term was to substitute its discretion for that of the surrogate in determining that the order for examination should be made as required by section 873 of the Code. This the Special Term had no power to do. It is for the judge, to whom the application is made, to determine whether the facts submitted entitle the applicant to an order. Where the person to be examined is a party to an action (in this case a special proceeding) the judge may, in the exercise of a sound discretion, designate and limit the particular matters as to which examination shall be had.

Another reason for reversal is that in any event the scope of the proposed order for examination is too broad and in other respects improper.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for a writ of mandamus denied, with fifty dollars costs.

CLARKE, P. J.:

I concur in the result. I am of the opinion that mandamus will not lie and that the order for examination was properly denied by the learned surrogate. I am further of the opinion that the provisions for examination of parties before trial as provided for in section 870 *et seq.* of the Code of Civil Procedure do not apply to and have not been extended to proceedings in the Surrogate's Court.

DOWLING, PAGE and MERRELL, JJ., concurred with CLARKE, P. J.

Order reversed, with ten dollars costs and disbursements, and motion for writ of mandamus denied, with fifty dollars costs.