East Rochester Construction Company, Incorpo-
rated, Plaintiff, *v.* Harry C. Eyer et al., Defend-
ants.

(Supreme Court, Monroe Special Term, November, 1919.)

Depositions — when motion to vacate order for examination before
    trial denied — evidence — trial.

> Where the plaintiff's affidavit, upon which an order for the
> examination of one of the defendants in an action to recover
> damages for false and fraudulent representations was granted,
> after setting forth the matters in issue together with a reference
> to the complaint and the answers of the various defendants,
> states that it is necessary for plaintiff to ascertain on examina-
> tion of said defendant before trial, just what was done by him
> in connection with said matters, a motion to vacate said order
> will be denied on the ground that the testimony of said defend-
> ant on the subjects set out in said affidavit was material and
> necessary to the plaintiff for use upon the trial.
>
> The principles upon which an order for the examination of
> parties before trial may be granted, stated.

Motion to vacate order for examination of defendant
before trial.

Warren, Shuster & Case, for motion.

James M. E. O'Grady, opposed.

Thompson, J. In the complaint in an action for
damages for false and fraudulent representations, it
is alleged, with other things, that the defendants falsely
represented to plaintiff " that the defendants intended
to construct concrete pavements and sidewalks upon
said property as soon as the weather would permit in
the spring of 1917. That concrete sidewalks, sewers,
water mains and gas mains would be laid in the streets,
avenues and boulevards upon said tract at the same

Supreme Court, November, 1919.        [Vol. 109.

time, and that when begun, the work of such construction would be pushed continuously to completion."

The answer of the defendant here sought to be examined denies these allegations and alleges that he did say " that if Brotsch would proceed to erect the fifty houses described in the contract that Eyer would attempt to get the Village to open up and improve the streets and build sidewalks in the vicinity of the lots described in the complaint, and that the defendant, Eyer, intended to and would, early in the spring of 1917, use his influence with the Village to get them to extend the water mains and sewer to said property as fast as the construction of said fifty houses warranted it and that defendant, Eyer, would attempt to get the Rochester Railway & Light Company to extend its gas mains and electricities to said property, and that he would use his influence with all of said persons to get them to push said work to a speedy conclusion."

In plaintiff's affidavit, upon which the order to examine defendant was granted, these matters are set out together with reference to the complaint and the answers of the various defendants, and further, " that it is necessary for plaintiff to ascertain on examination of the said defendant, Eyer, before trial, just what was done by him in connection with these matters; " the defendant challenges the propriety of this provision of the order upon the ground that the alleged false statements were not statements of material existing facts, but were so-called promissory statements and were fraudulent or otherwise dependent upon the state of the mind of the person making them at the time made. That, therefore, the testimony of the acts of the defendant thereafter, whether in compliance with said representations or contrary thereto, is inadmissible.

There is some confusion in the decisions with reference to the scope of orders directing the examination of parties before trial, probably arising largely out of the fact that the relief to be granted is largely in the discretion of the court.  However, there are certain accepted principles that have come to be of universal acceptation.  The necessity and materiality of the testimony is a question for the court as is the good faith and fairness of the application.  It is fundamental that the purpose of the examination is to enable the moving party to obtain testimony for use at the trial in support of his cause of action as alleged in his pleading.  It is not to enable him to cross-examine his adversary; nor indeed is it intended to make opportunity for him to put his adversary on record in order that he may prepare for his rebuttal.  *Kornbruth* v. *Isaacs,* 149 App. Div. 108; *Vogel Co.* v. *Backer Construction Co.,* 148 id. 639.  Nor do I think it is proper that such application be granted for the sole purpose of enabling a litigant to examine his adversary or his adversary's witnesses to ascertain whether or not he will be able to maintain his cause of action, or to succeed against an affirmative defense which it asserted against him.  The application is not designed to be a preliminary test of the issues, but to enable the applicant to obtain testimony that is material and needful (*Terry* v. *Ross Heater & Mfg. Co., Inc.,* 180 App. Div. 714) to a proper and adequate presentation of the facts necessary to sustain the allegations of his cause of action or defense.  It is doubtless true that in the exercise of a proper discretion the court has power to order a general examination of the party as well before as at the trial.  *Herbage* v. *City of Utica,* 109 N. Y. 81.  And in some instances the courts have held that this is proper even to the extent of ordering a defendant

13

to be examined generally not only as to his defense but also with reference to his affirmative defense and counterclaim. *Schweinburg* v. *Altman,* 131 App. Div. 795; *Smith* v. *Flynn,* 163 id. 868.

In the case at bar the question is whether or not the testimony of the defendant upon the subjects set out in the affidavit is material and necessary to the plaintiff upon the trial of this action. It seems to me it is. If the representations here claimed to have been made and relied upon were false, defendant not intending to do as he represented, such false statement may be deemed the statement of a material existing fact because it falsely represented the state of his mind. *Deyo* v. *Hudson,* 225 N. Y. 602, citing *Adams* v. *Gillig,* 199 id. 314; *Ritzwoller* v. *Lurie,* 225 id. 464. And testimony of defendant's conduct thereafter is important upon this issue.

The order was rightly granted and must stand. The motion to vacate is denied, with ten dollars costs.

Motion denied, with ten dollars costs.