In the Matter of the Probate of the Last Will and Testament of ELIZA A. CARTER, Deceased. (No. 1).

(Application for an Examination of WILLIAM C. PIKE, Proponent and Executor of the Last Will and Testament of ELIZA A. CARTER, Deceased.)

FANNIE N. BROWN, Contestant, Appellant; WILLIAM C. PIKE, as Executor, etc., of ELIZA A. CARTER, Deceased, Respondent.

Third Department, September 8, 1920.

**Surrogates' Courts — examination before trial.**

Under the provisions of section 2770 of the Code of Civil Procedure the surrogate is authorized to order the proponent and executor of a will to appear before trial and be examined pursuant to the provisions of sections 872 and 873 of the Code of Civil Procedure.

APPEAL by the contestant, Fannie N. Brown, from an order of the Surrogate's Court of the county of Clinton, entered in the office of said surrogate on the 3d day of January, 1920, denying her application for an order directing William C. Pike, the proponent and executor of the will of Eliza A. Carter, deceased, to appear and be examined pursuant to the provisions of sections 872 and 873 of the Code of Civil Procedure.

*Patrick J. Tierney*, for the appellant.

*John H. Booth*, for the respondent Pike.

WOODWARD, J.:

It is clear from a reading of the opinion of the learned surrogate in disposing of this motion that he would have granted the contestant a measure of the relief asked if he had not felt that he was controlled by the decision of the court in *People ex rel. Lewis* v. *Fowler* (189 App. Div. 335). While the order involved in that case has since been affirmed in the Court of Appeals (229 N. Y. 84) the discussion of the court practically overrules the decision made as to the question of power, and holds that under the provisions of section 2770 of the Code of Civil Procedure the surrogate is authorized to grant the same rights which are provided in the sections of

the Code invoked by the appellant. The modern rule is quite liberal in granting the right to examine a party before trial. It is now the established doctrine that " where the moving papers comply with the statute the party is entitled to the order as a matter of law." (*Whitley* v. *Speed*, 171 App. Div. 102, 104, and authorities there cited.)

Without determining at this time how far the moving papers comply with the statute, or assuming to determine what, if any, relief should be granted the appellant, we are of the opinion that the order appealed from should be reversed, and the matter returned to the surrogate for such action as may be justified upon a consideration of the merits of the application.

The order appealed from should be reversed and the matter remanded to the surrogate for his further consideration.

All concur.

Order reversed and proceeding remanded to the surrogate for his further consideration, with costs payable out of the estate.