Matter of the Estate of ROSETTA L. HODGMAN, Deceased.

(Surrogate's Court, New York County, October, 1920.)

Wills — contested probate — examination of proponent before trial limited.

In a contested probate proceeding an order for the examination before trial of the proponent, who is also the sole legatee under the will, must be limited to the issue of undue influence, the burden of proof thereon and the affirmative being upon the contestant.

Surrogate's Court, New York County, October, 1920. [Vol. 113.

MOTION to vacate an order for examination before trial.

Evarts, Choate, Sherman & Leon (Joseph H. Choate, Jr., of counsel), for proponent.

Horwitz, Rosston & Hort (Otto Horwitz, of counsel), for objectant.

FOLEY, S.   This is a motion to vacate an order for the examination before trial of the proponent.   The proponent is also the sole legatee under the will propounded.   My distinguished predecessor, Surrogate Fowler, held in *Matter of Hodgman,* 107 Misc. Rep. 70, in this very estate, that the provisions of section 870 of the Code of Civil Procedure, *et sequitur* did not apply to the Surrogate's Court and were·not made applicable by the provisions of section 2770 of the Code of Civil Procedure, on the theory that those sections applied only to actions and not to proceedings in this court   Thereupon mandamus proceedings were commenced against him in the Supreme Court, New York county, and a peremptory writ issued.   On appeal from the order granting the writ the Appellate Division in *People ex rel. Lewis* v. *Fowler,* 189 App. Div. 335, held that mandamus would not lie. The Court of Appeals on appeal from this decision held that mandamus should issue to compel the surrogate to act upon the application for examination; that the surrogate had erroneously held that he did not have the power to grant the order, but that it was error in granting the writ of mandamus to go further and to seek to control the judicial judgment and discretion of the surrogate and direct him to grant the particular order for examination presented by the applicant.   *People ex rel. Lewis* v. *Fowler,* 229 N. Y.

84. That court, moreover, held that the provisions of the Code of Civil Procedure cited above applied to contested probate proceedings in the Surrogate's Court. Thereafter the contestants in this estate procured a new order for the examination of the proponent John E. Lewis. The motion before the court, therefore, is a novel one and of importance as initiating the policy to be adopted in those examinations. The difficulty of establishing set rules arises from the fact that in the usual form of objections filed by contestants two or more issues are raised. Upon these issues there are different rules as to the burden of proof. The affirmative on the issue of testamentary capacity of the testator is with the proponent. *Delafield* v. *Parish*, 25 N. Y. 9, 97. The affirmative on the issue of undue influence and fraud lies upon the contestant. *Matter of Kindberg*, 207 N. Y. 220; *Matter of Woods*, 189 App. Div. 324; *Matter of Ruef*, 180 id. 203; *Matter of Fleischmann*, 176 id. 785; *Matter of Falabella*, 139 N. Y. Supp. 1003.

The recent decisions of the Appellate Division, first and second departments, hold that an examination of an adverse party should be denied where the adverse party has the affirmative upon the issue concerning which the examination is sought. *Scheff* v. *Lewis*, 191 App. Div. 30; *Oshinsky* v. *Gumberg*, 188 id. 23; *Central Trust Co.* v. *Weidenfeld*, 183 id. 375; *Kornbluth* v. *Isaacs*, 149 id. 108; *Beckel* v. *Salomon*, 189 id. 310; *East Rochester Const. Co., Inc.* v. *Eyer*, 109 Misc. Rep. 191. Certain exceptions have been made to this general rule. *Scheff* v. *Lewis, supra; Oshinsky* v. *Gumberg, supra; Central Trust Co.* v. *Weidenfeld, supra; Kornbluth* v. *Isaacs, supra; Wessel* v. *Schwarzler*, 144 App. Div. 587; *Segschneider* v. *Waring Hat Mfg. Co.*, 134 id. 217. Under these authorities it would seem that the contestant is not entitled to an examina-

tion of the proponent on the issue of testamentary capacity. No examination, therefore, should be had of the proponent or other party by the contestant where that issue is the sole issue. It may be pointed out in passing that the contestant has a ready means of ascertaining the facts surrounding the execution of the will and the condition of the testator by an examination of the subscribing witnesses under section 2611 of the Code of Civil Procedure.

A different rule, it would seem, should prevail upon the issue of undue influence where the burden of proof and the affirmative are upon the contestant. It is seldom that direct proof of undue influence is found, for the very nature of the transaction sometimes makes it impossible to establish that issue by direct evidence. If there were undue influence it would be quite probable that the parties wielding it would do so only when they were entirely secluded from the observation of hostile witnesses. It is generally the subject of circumstantial evidence. *Rollwagen* v. *Rollwagen,* 63 N. Y. 504, 519. Since the testimony disclosed by an examination would be a part of the case of the contestant on this issue, an examination would seem proper. In accordance with these rules the motion to vacate the order of examination will be denied. The examination will be limited to matters set forth in the order within the issue of undue influence. Paragraph 3 of the order is limited to the attendance of the doctors, nurses or attendants who treated the testatrix at the request or upon the engagement of the persons charged with undue influence. Paragraph 6 is limited to the nature and extent of the business affairs and personal transactions of decedent with proponent or any one acting for him or at his solicitation. Paragraph 9 is stricken out. Paragraph 15 should also be stricken out.

It should also be pointed out in passing that the contention of counsel for the proponent that the burden of proving the absence of undue influence is on him in this proceeding is contrary to the authorities in this state. Counsel's claim is that in cases where there is a confidential relation between the decedent and the person charged with undue influence the ordinary rule that the burden is on the contestant is changed. This is not so. *Matter of Kindberg,* 207 N. Y. 220, 228; *Matter of Ruef, supra; Matter of Fleischmann, supra; Matter of Mondorf,* 110 N. Y. 450.

The order of examination is modified accordingly.

Order modified accordingly.