In the Matter of the Estate of IDA E. WOOD, Deceased.

Surrogate's Court, New York County, December 5, 1932.

*Prentice, Collins & Dwight*, for Florence Holbrook Coolidge.

*Edward T. Corcoran*, for Hugh and Michael Kennedy.

*Jenks & Rogers* [*Gustavus A. Rogers* of counsel], for Alice Louise Morton Sullivan and others, claimants.

*Gotthold & Gross*, for Adolphus M. Wood and others.

*O'Brien, Boardman, Conboy, Memhard & Early*, for petitioner Otis F. Wood.

*Talley & Lamb*, for temporary administrators.

FOLEY, S. The motion for the service and filing of bills of particulars in this probate proceeding is granted. The procedure suggested by the proponent in moving for a bill of particulars to be furnished by each claimant follows that adopted in *Matter of Wendel* (143 Misc. 480). In that proceeding, due to the commendable co-operation of the attorneys for the various claimants, bills of particulars were furnished showing the numerical degree of relationship with the decedent, the chain of ascent and descent, the names of the parents from the claimant to the common ancestor and downward to the decedent, and salient dates of births, marriages and deaths. In the Wendel estate the claimants were far more numerous than in the present estate, but the situation, even with over one hundred claimants asserting relationship to Ida E. Wood, will present certain difficulties in ascertaining the lawful next of kin or heirs at law, which justifies, in aid of expedition, a similar

program of procedure. The objections of one of the attorneys for a group of claimants composed of Alice L. M. Sullivan, Frank E. Morton, Olive J. Morton Webber, Walter S. Morton, Olive Snow Morton and Rosemary C. Morton, to the giving of a bill of particulars are overruled. The notice of appearance in behalf of these claimants does not disclose in any respect the alleged relationship to the decedent. Without a bill of particulars it cannot be ascertained whether they have any status in this proceeding. The power of the surrogate to order such a bill has been sustained by the Appellate Division, First Department, in *Matter of Ross* (115 Misc. 41; affd., 197 App. Div. 933). The basis of our jurisdiction is found in the provisions of section 316 of the Surrogate's Court Act, which assimilates the practice and procedure in this court to the practice in the Supreme Court by authorizing the invocation of any remedy or relief provided in the Civil Practice Act which is not inconsistent with the provisions of the Surrogate's Court Act. (*People ex rel. Lewis* v. *Fowler*, 229 N. Y. 84; *Matter of Hodgman*, 113 Misc. 215.) It would be difficult to conceive a more appropriate situation to direct the filing of a bill of particulars than in the pending estate. The mere assertion of a general relationship by a claimant without specifying the degree or chain of kinship is futile. Were no bill required, the proceeding and the final distribution of the estate would be unduly delayed. There are two classes of claimants in this proceeding: (1) Those who claim through the blood of Ida E. Wood; (2) those who claim that she left no blood relatives and who assert the right to inherit because they are relatives of the deceased husband of the decedent. (Dec. Est. Law, § 83, subd. 15.) Each of these claimants should have little difficulty in setting forth in a bill of particulars the numerical degree of their claimed relationship within these respective groups and the other particulars contemplated.

I pointed out in my opinion in the *Wendel* case that only those persons of the nearest degree of kinship are entitled to participate in the proceeding or in the distribution of an estate. In the present proceeding if a blood relation of Ida Wood establishes his or her kinship, every other more distant relation and every other claimant to kinship through the deceased husband have no place in this proceeding and their appearances must be stricken out.

The proponent, along with all other claimants, will be required to file a bill of particulars. The attorneys for the proponent are directed to prepare printed forms of a bill of particulars to be supplied to the attorneys for the various claimants in aid of uniformity. The expense thereof may be charged against the estate by an appropriate provision in the order. The bills may be prepared

in two alternative forms, the first for use by those claimants relying upon a blood relationship to the decedent; the second, for use by those claiming to be relatives of the deceased husband.

In order to afford the various attorneys reasonable opportunity to ascertain the various particulars, a provision may be inserted in the order requiring the filing of the bills on or before January 16, 1933. The order may further provide that notices of appearance may be filed without the formal permission of the court on or before January 4, 1933. All parties who file notices of appearance on or before January 4, 1933, are directed to comply with the provisions of this decision and to file bills of particular on or before January 16, 1933. Parties desiring to intervene after January 4, 1933, may do so upon application to the surrogate upon order to show cause, or appropriate notice of motion. This requirement is necessary in order that the decree either granting probate to the will or denying probate may not be unduly delayed.

The particulars recommended for inclusion in the bills by the proponent will be approved by the court. The two alternative forms of the bill of particulars, as suggested above, must be annexed to the proposed order on this motion in order to permit suggestion by the attorneys who have appeared thus far in the proceeding of any needed modification, and for approval by the surrogate.

Submit order on notice accordingly.