33 N.J. Super. 229 (1954)
109 A.2d 705
IN THE MATTER OF THE ESTATE OF WILLIAM G. BLAKE, DECEASED.
Superior Court of New Jersey, Essex County Court, Probate Division.
Decided November 24, 1954.
*230 Mr. Herman J. Harris, for the motion.
Mr. Fremont D. Donley, contra.
FOLEY, J.C.C.
Proponent of the will moves to strike interrogatories served by caveatrix.
The motion is based solely upon the contention that this form of discovery is not permitted by the rules of practice in the Probate Division. R.R. 5:3-1, so far as it affects this proceeding, provides:
"The practice in the probate division of the county courts with respect to all probate matters cognizable in those courts shall be governed by Rules * * * 4:99 to 4:117, inclusive, insofar as applicable, except the rules listed below:

* * * * * * * *
4:99-2  depositions. Depositions in the county court shall be taken pursuant to Rules 4:16 to 4:22, inclusive, and 4:27 and 4:28."
Proponent's argument, in effect, is that the absence of an express provision for interrogatories in R.R. 4:99 et seq., *231 when considered with those permitting and regulating the taking of depositions (R.R. 4:16 to 4:22, 4:27 and 4:28), is exclusionary in character and evinces a clear intention of the rule-making power to limit discovery to the deposition process in probate matters. The incongruity of singling out one forum and depriving the litigants before it of the beneficence of this relatively simple, expeditious, and inexpensive means of discovery available in others quite aside, the contention overlooks completely the provisions of R.R. 5:3-7:
"The rules in Part IV, and in particular Rule 4:85, shall, in so far as applicable, apply to all actions in the probate division of the county court * * *."
The practicability of application to a probate action of interrogatories prescribed by R.R. 4:23 to 4:23-13 is not open to question.
Judge Clapp, in his work, Wills and Administration, sec. 950 (7 New Jersey Practice), disposes of the question thusly:
"Under the rules adopted September 15, 1948, the design was to make uniform, so far as practicable, the Superior Court procedure in law, chancery and also probate actions. Hence, it was provided that the rules governing other civil actions should apply to probate actions so far as practicable. Likewise when the Superior Court probate rules were made applicable to the Probate Division of the County Court, all the rules governing civil practice in the Superior Court were likewise made applicable, so far as practicable. Hence, it should be borne in mind that all rules, such as those having to do with depositions and discovery * * * are applicable to probate actions, so far as practicable."
Accordingly, the motion to strike the interrogatories is denied.