CARROLL, Judge.
By certiorari there is presented for review an interlocutory order of the county judge’s court in Dade County which held that discovery procedures as provided for in the Florida Rules of Civil Procedure were not available to a petitioner in a will contest filed and pending within a probate proceeding pursuant to § 732.30, Fla.Stat., F.S.A.[1]
A will of E Carter Estes was admitted to probate. Executors were appointed. Katherine Isabel Lacy, daughter of the testator, renounced the ten dollars which the will awarded her and filed a petition for revocation of probate of the will, alleging the lack of mental capacity of the testator and undue influence. The executors answered and joined isssue, denying the allegations of want of capacity, unsound mind, undue influence, et cetera.
Prior to trial of the issues raised by her petition and the executors’ answer, the petitioner sought certain discovery. She served the respondent executors with requests for admissions and with interrogatories. She also served them with a motion for production of 'documents, and applied to the county judge for leave to take discovery depositions.[2] Objections of the respondent executors were sustained, and discovery was denied by an order which contained the following:
“1/ The petition for leave to take discovery depositions filed by petitioner herein, Katherine Isabel Lacy, be and the same is hereby denied on the grounds that the Florida Rules of Civil Procedure are inapplicable to a proceeding of this nature.
“2. Said petitioner’s motion to produce is denied for the reason stated in paragraph numbered 1 hereinabove.
“3. Co-Executors’ objections to interrogatories and objections to request for admissions are sustained on the grounds stated in paragraph numbered 1 herein.”
In holding that discovery was not available in the will contest proceedings, the learned county judge committed error. *796 The respondents’ objections contained other grounds which the trial judge did not rule upon. Our holding will not preclude him from ruling on such other grounds of objections.
The Constitution of Florida has conferred upon the Supreme Court the power to make rules governing practice and procedure in all courts.[3] Such rules supersede statutes on the subject and prevail over conflicting statutes.[4] Respondents concede this, but contend that the rules of civil procedure do not apply to any matters in probate proceedings, and therefore can not be used in a will contest filed in probate. Petitioner argues that this will contest is a civil suit or action for which the rules are applicable.
The rules of civil procedure provide they shall apply to “all suits of a civil nature and all special statutory proceedings in the Circuit Courts, County Judge’s Courts -* [5] It is also provided there that the rules of civil procedure “shall be construed to secure the just, speedy and inexpensive determination of every action.” Discovery procedures provided for in the rules have been recognized generally as furthering those objects. In addition, it is provided by statute that the rules of civil procedure shall be the rules of practice in the county judge’s court in “all civil matters.” [6]
We reject the argument of respondents that the rules of civil procedure for discovery are not applicable in a will contest because it is not a “civil matter” or suit or action. Also rejected as unsound is the argument of respondents that Rules B, C and D, F.R.C.P., which allocate parts of the rules to law actions and to equity suits respectively should by inference be held to mean that an adversary case or “action” when litigated in a probate proceeding may not have the benefit of the rules for discovery.
We are informed it is the understanding and practice in the county judge’s court to-proceed on the basis that the rules of civill procedure do not apply in probate proceedings. This opinion does not extend to that question, because it is not raised or necessary to be determined in this case. The question here is not whether the rules of civil procedure are available in probate matters as such, but whether such rules for discovery are available to the parties to a will contest which is filed and litigated by statutory direction within the confines of a probate proceeding. We must answer the latter question in the affirmative.
A proceeding for revocation and to have a will declared invalid is no less a “civil matter” or “action” because filed in a probate case, than it would be if filed separately. The proceeding is one conferred by statute, and would be by separate suit except that the statute directs it to be filed in the probate case.[7] Such a will contest is a civil- matter — a “case” or “action.” It is commenced by an initial pleading setting forth the interest in the estate which is held by the petitioner and the grounds relied on for seeking a determination of invalidity of a probated will. The representative of the estate is made defendant. Other parties interested may join and prosecute or defend. Issues bearing on the validity of the will are made on the pleadings and tried by the court, and a decision is rendered thereon holding the challenged will to be valid or invalid. It is common knowledge *797 that some such cases require days or even weeks for trial, in the course of which many witnesses may appear and a large number of documents be involved. Such cases and their preparation may present fitting if not compelling occasions for use of discovery procedures.
As we stated earlier, a will contest does not lose its character as a suit or action when filed in the probate cause. The will contest “action” proceeds there separately and unrelated to the routine business of probate. The statute recognizes that by providing that probate proceedings shall continue unaffected, up to the point of distribution, while the will contest is progressed therein.
We have been shown no Florida decision on the point, but by the weight of authority such a will contest is held to be a civil suit or action. Carpenter v. Jones, 121 Cal. 362, 53 P. 842; O’Day v. Superior Court of Los Angeles County, 18 Cal.2d 540, 116 P.2d 621, 623; Fort v. White, 54 Ind.App. 210, 101 N.E. 27; McFadden v. McFadden, 179 Kan. 455, 296 P.2d 1098; Heinbach v. Heinbach, 262 Mo. 69, 170 S.W. 1143, 1146; Byrne v. Byrne, Mo.1915, 181 S.W. 391, 392; People ex rel. Lewis v. Fowler, 229 N. Y. 84, 127 N.E. 793;[8] Hymel v. Bing, 67 Ohio App. 432, 31 N.E.2d 112; 27 A. C. J.S. Discovery § 23, p. 54. See also, In re Blake’s Estate, 33 N.J.Super. 229, 109 A.2d 705; In re Wozar’s Estate, 34 N.J.Super. 133, 111 A.2d 768, 769.
Nor is it material, in this connection, whether this proceeding is considered to be in personam or in rem, because in either case it is an adversary proceeding having the essential characteristics of a civil suit.
Moreover, this will contest proceeding is one specially provided for by statute to be filed and determined in the county judge’s court,[9] and by express provision of Rule A the rules of civil procedure are made applicable to “all special statutory proceedings in * * * County Judge’s Courts.”
Both as a civil suit and as a proceeding in the county judge’s court specially provided! for by statute, this will contest, even though filed and prosecuted within a probate proceeding, was entitled to use and application of the rules of civil procedure at least tO' the extent practicable, including those rules relating to discovery.
For the reasons stated certiorari is granted and the provisions of the challenged order which denied discovery are quashed.
It is so ordered.
HENDRY, Judge (dissents).

. “(1) Any heir or distributee of the estate of a decedent, including legatees or devisees under a prior -will, except those who have been served with citation before probate or who are barred under § 732.29, may, at any time before final discharge of the personal representative, make application by petition to the court in which the probate of any will may have been gi-anted, for revocation of such probate. The petition shall set forth the interest of the petitioner in such estate and the facts constituting the grounds upon which revocation is demanded.
“(2) Citation to appear and defend shall be served upon the personal representative; and the county judge shall, upon the issues made and the proof adduced, confirm or revoke the probate according to the law and justice of the case.
“ (3) Any legatee, devisee or other person interested in the estate shall, upon application, be permitted to appear and prosecute or defend as though he were a party to the proceedings.
“(4) Pending the determination of any issue made for revocation of probate, the personal representative shall proceed with the administration of the estate as if no such issue had been made, except that no distribution may be made to legatees or devisees in contravention of the rights of those who, but for such will, would be entitled to the property disposed of thereby.
“(5) Revocation of probate of a will shall not affect or impair the title to the property, real or personal, theretofore purchased in good faith for value from the executor or administrator with the will annexed.”

. The motion to allow discovery depositions was as follows:
“Petitioner, Katherine Isabel Lacy, files this petition pursuant to direction of this court, and respectfully requests leave of this court to take discovery depositions pursuant to the provisions of Rules 1.21, 1.23, 1.24, 1.25 and 1.27, Florida Rules of Civil Procedure, and and for grounds thereof petitioner relies upon Rule A, entitled ‘Scope and Title of Rules,’ 1954 Rules of Civil Procedure.”

. Art. Y, § 3, Ma.Const., 26 F.S.A.

. § 25.371, Fla.Stat, F.S.A.

. Rule A, entitled “Scope and Title of Rules.”

. § 36.09, Fla.Stat., F.S.A.

. The same is true of a petition to revoke a will in whole or in part by advancing a discovered later will having that effect. In such instance the matter is required to be filed in the probate proceeding if the latter is pending, but is authorized to be filed as a separate suit in equity if probate has ended. See §§ 732.32 and 732.-33, Fla.Stat., F.S.A.

. That a will contest is a civil action meriting discovery is well established in New York courts. See e. g. In re Carter’s Will, 193 App.Div. 355, 184 N.Y.S. 39; In re Sperry’s Will, 138 Misc. 549, 247 N.Y.S. 202; In re Beckerman’s Will, Sur., 69 N.Y.S .2d 659.

. See note 1.