SWANN, Judge.
Patricia E. Dieri.ckx, guardian of Blanche Emswiller, an incompetent, appeals from an order of the County Judge which required the guardian to pay Four Hundred Dollars to appellee, Robert F. Wisehart, as attorney’s fees. She asserts that the trial court erred in awarding attorney fees because of insufficient evidence that Wisehart was “employed” by the guardian, and for holding that the Florida Rules of Civil Procedure did not apply to this proceeding.
The ward owned real property in Indiana. Wisehart, an attorney in Indiana, represented purchasers to whom the land was sold. The guardian, as seller, was represented by a Miami attorney.
The County Judge made the following findings:
* * * * * *
“(1) From the evidence that was produced before the Court, it is very clear to the Court that Mr. Robert F. Wise-hart rendered services which benefited the estate of Blanche Emswiller, an incompetent, in that he, Mr. Robert F. Wisehart, performed services that are normally the duty of the seller of real property, particularly in connection with getting the matter approved by the Judge of the Court in Henry County, Indiana, which has jurisdiction of property of incompetents, and that he, Mr. Robert F. Wisehart, is entitled to compensation on a quantum meruit basis> regardless of any intent on the part of the Guardian or her attorney to employ him.
“(2) Furthermore, that it is evident to the Court, and it should have been evident' to the attorney for the Guardian, that services. were being performed, and that; *616 he, the attorney for the Guardian, should have expected the attorney who performed the services to be compensated for them. The attorney for the Guardian states that he would have employed some other attorney, but the fact is that he did not, and he did not communicate with the other attorney in any manner in regard to getting this transaction approved by the Court or getting the title corrected.
“(3) Further, the Court finds that the charge of Four Hundred Dollars ($400.-00) for the services rendered is reasonable and should be paid, and that the Petition for allowance of attorney’s fees as filed by the Petitioner, ROBERT F. WISEHART, should be granted, and that the Guardian should pay to Mr. Robert F. Wisehart the sum of Four Hundred Dollars ($400.00) forthwith.”
* * * * * *
There appears to have been sufficient, competent evidence in the record for the trial court to have found that there was an implied contract of employment sufficient to uphold the award under Section 745.33, Florida Statutes, F.S.A. Even disregarding such a finding, the court properly based its fees on quantum meruit. Such an award is consistent with the holding of our Supreme Court in Lucom v. Atlantic National Bank of West Palm Beach[1] where the rule of Brickell v. Di Pietro [2] was applied to an award of fees to the attorneys of a de facto guardian. In Brickell, it was said that “[a] court is without power to measure an attorney’s fee except on the basis of quantum meruit or a quid pro quo.”
The next question before us concerns the applicability of the Florida Rules of Civil Procedure in this cause. Prior to the entry of the final order, the County Judge denied certain motions of the guardian on the ground that the Florida Rules of Civil Procedure were not applicable in this proceeding. Rule A, of the Florida Rules of Civil Procedure, 30 F.S.A., provides:
“These rules are applicable to all suits of a civil nature and all specictl statutory proceedings in the Circuit Courts, County Judge’s Courts, County Courts and Civil Courts of Record, whether recognizable as cases at law or in equity with the exception that the form, content, procedure and time for pleading in all special statutory proceedings shall be as prescribed by the statutes providing for such proceedings, unless these rules shall specifically provide to the contrary. These rules shall be construed to secure the just, speedy and inexpensive determination of every action.” (Emphasis added)
The court of the County Judge has jurisdiction of this guardianship,[3] and of the petition for attorney’s fees filed therein.[4] Rule A, supra, clearly applies by its express terms to County Judge’s Courts.[5] We have previously held that discovery proceedings were available to a petitioner in an adversary revocation of will contest filed and pending in a probate proceeding pursuant to a Florida Statute.[6] Similarly, the Rules of Civil Procedure would apply in the instant adversary proceeding, and the trial court erred in ruling otherwise.
The matter, however, proceeded to final hearing and judgment, and all evidence which might have been adduced by discovery was before the County Judge. Each party had a full opportunity to be heard, to cross-examine and present evidence.
*617 The appellant having failed to show that she has been prejudiced, or harmed, by the entry of the orders appealed, we conclude that the harmless error statute is applicable. Section 54.23, Florida Statutes, F.S.A.
We have considered the other arguments advanced by the appellant for reversal and have found them to be without merit.
Accordingly, the order is
Affirmed.

. Lucom v. Atlantic National Bank of West Palm Beach, Fla.1957, 97 So.2d 478.

. Brickell v. Di Pietro, 152 Fla. 429, 12 So.2d 782 (1943).

. Section 744.06, Florida Statutes, F.S.A.

. Section 745.33, Florida Statutes, F.S.A.

. See also Committee Note and Author’s Comment to Bule A. 30 F.S.A. 3.

. In re Estes’ Estate, FIa.App.1963, 158 So.2d 794.