PEARSON, Chief Judge.
We are presented with a petition for writ of certiorari which claims a departure from the essential requirements of law in that the trial judge denied petitioners’ right of discovery contrary to Fla. PGR 5.080. The essential procedural point to *486 be decided is the extent of the discovery which should be permitted where the opponents of the will have filed a caveat and in their answer to the petition for probate raise the objections of undue influence, void or bigamous marriage and lack of testamentary capacity.
Petitioners are the sons of the deceased. They have filed a caveat and object to the proffered probate of a purported will of their father. Respondent has offered the will for probate and claims to be the widow of the deceased. The cause proceeded with the taking of extensive discovery depositions by petitioners. Pursuant to Fla. PGR 5.080, petitioners took the deposition of the respondent. During the taking of the deposition, fourteen questions were objected to by counsel for the respondent and were certified to the trial court for determination as to their propriety. Upon hearing before the trial court, the county judge held that the objections to the designated questions were sustained. The court further ordered that the subject matter of the certified questions could not be inquired into by means of written interrogatories. The fourteen questions certified are as follows:
Q. “What was the reason for the annulment (of her marriage to deceased) ?
Q. “Is your testimony under oath that you don’t know whether you have ever been in the movies or not ?
Q. “Have you ever been arrested, ma’am, other than * * * (Continuing) * * * other than for a traffic violation?
Q. “Have you ever been convicted of a felony ?
Q. “Other than your relationship with Mr. Falk, have you ever been married to any other man or men?
Q. “Have you ever been married to a man by the name of Whiteley?
Q. “Have you ever been married to a man by the name of Sweeney ?
Q. “Have you ever been married to a man by the name of Mr. Cook?
Q. “(With regard to the amount of assets which passed outside probate) Just give me (a figure) to the best of your knowledge.
Q. “What was your compensation in this job? (As Deceased's “companion”)
Q. “What were your duties in this job?
Q. “Did you live at this address with another man ?
Q. “Did these problems (between deceased and the alleged “widow”) have anything to do with your being gone from the residence overnight or for extended periods of time without explanation?
Q. “Ma’am, during the period of 1966 and ’67, did a person by the name of John Cook live in the residence of Mr. Falk at Northeast 52nd Terrace together with yourself and Mr. Falk?”
In their petition, petitioners urge that the county judge departed from the essential requirements of law in that the questions purpounded were either relevant to the issues involved or were such as might reasonably lead to the discovery of relevant evidence upon such issues. The respondent urges that the action of the county judge was not a departure from the essential requirements of law for two reasons. First, it is urged that the issue of undue influence is not properly before the court upon the petition to probate will and caveat thereto. Second, it is urged that even if such an issue is before the court the action of the trial judge must be sustained because of the wide discretion given a county *487 judge in matters of discovery by the Probate and Guardianship Rules.[1]
In dealing with respondent’s first contention, we note that the caveator is required by Fla. PGR 5.150 [2] to state his interest in the case and also the facts constituting the grounds on which probate of the will is opposed. Therefore, any grounds that he may have as to the validity of the will are properly before the court.
We hold as to respondent’s second contention that although it is within the discretion of the trial judge to limit discovery in probate matters under Fla. PGR 5.080, discovery is generally only limited in cases where it is necessary to protect the assets of the estate.
In the cause sub judice the answers sought to be discovered are all clearly relevant to the petitioners’ case and can be answered with little or no additional expenses to either party, therefore they are valid fruits of the discovery process. Ormond Beach First National Bank v. Montgomery Roofing Co., Fla.App.1966, 189 So.2d 239; In re Estes’ Estate, Fla. App.1963, 158 So.2d 794; Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1946).
For the reasons stated certiorari is granted and the order denying discovery is quashed.

. “Rule 5.080. Depositions and Discovery
(a)The following Rules of Civil Procedure shall apply in probate and guardianship proceedings:
(lj Rule 1.280, Depositions Pending Action.
(2) Rule 1.310, Depositions Upon Oral Examination.
(3) Rule 1.320, Depositions of Witnesses Upon Written Interrogatories.
(4) Rule 1.330, Effect of Errors and Irregularities in Depositions.
(5) Rule 1.340, Interrogatories to Parties.
(6) Rule 1.350, Discovery and Production of Documents and Things.
(7) Rule 1.360, Examination of Parties and Property.
(8) Rule 1.370, Admission of Pacts and Genuineness of Documents.
(9) Rule 1.380, Refusal to Make Discovery ; Consequences.
(10) Rule 1.390, Depositions of Expert Witnesses.
(11) Rule 1.400, Depositions Deemed Published When Elled.
(b) Where “Circuit Court” is referred to in said rules, “County Judge’s Court” is substituted.
(c) In order to conserve the assets of the estate and the rights of the beneficiaries therein, the court has broad discretion to limit the scope of such examination and the place and manner of taking the same, and may assess the costs thereof to the party taking the same or to one or more of the beneficiaries of the estate in such proportions as the court determines, considering, among other things, the benefit derived therefrom.

. Rule 5.150 Caveat: Proceedings
*****
“(d) On the return day of the citation, the caveator may answer the peti-tioh for probate. In his answer he shall state his interest in the estate and the facts constituting the grounds on which probate of the will is opposed; and on the issue made and proof adduced the court shall probate the will or deny probate.”
* * * * *